303 So.2d 706 (1974)
Kenneth B. ROBINSON, Appellant,
v.
J. Marcus PINSKER, Appellee.
No. 73-1541.
District Court of Appeal of Florida, Third District.
December 3, 1974.
William E. Walsh, Jr., Miami, for appellant.
Kahn & Clein, North Miami, and Richard Kopel, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*707 PER CURIAM.
Defendant-appellant appeals a final judgment in favor of the appellant for the total sum of $3,000 plus costs and attorney's fees.
In the spring of 1971, defendant-appellant, Kenneth B. Robinson, entered into a tentative agreement with the Metropolitan Community Church whereby the church agreed to take a lease option on defendant's property and defendant would build thereon a church, sanctuary, and social hall, the construction of which would be funded by the church's congregation. This agreement was contingent upon securing zoning approval for the project. Thereupon, defendant-appellant in June 1971 entered into an agreement[1] with the plaintiff-appellee, J. Marcus Pinsker, a licensed practicing architect, for his services. Plaintiff drew up the necessary preliminary plans for submission to the Dade County Zoning Appeals Board to secure a variance for the building of the church complex. As agreed, plaintiff received $350 as his fee for this phase of the work. The application for zoning variance containing the preliminary plans was submitted to the county on July 28, 1971. However, the application was returned on October 7, 1971 because the preliminary plans were based upon incorrect calculations. Plaintiff corrected the figures and refiled the application. Before the application could be heard, the Metropolitan Community Church cancelled its agreement and defendant-appellant withdrew the application. However, prior to the cancellation by the church, plaintiff tendered to the defendant the completed plans. In December 1971, plaintiff had sent defendant a statement reflecting his total architectural fee as $6,000 with a balance due and owing of $5,690.[2] On February 4, 1972, plaintiff caused a lien to be filed for architectural services from July 24, 1971 through November 20, 1971. Thereafter, plaintiff filed his complaint to enforce an architect's lien and for breach of contract, and alleged therein that defendant orally had contracted his services for a total agreed sum of $6,000. Defendant answered alleging that he engaged the professional services of the plaintiff to prepare only the preliminary plans for an agreed price of $350 which he paid and that should the zoning variance be secured, then defendant would pay plaintiff $6,000 for preparation of the completed plans. Defendant also filed a counterclaim alleging the claim of lien was fraudulent and in addition, due to plaintiff's careless preparation of the preliminary plans and resulting delay, the Metropolitan Community Church lost confidence and cancelled out. The cause proceeded to a non-jury trial after which the trial judge found in favor of the plaintiff on defendant's counterclaim and entered final judgment and final judgment of foreclosure in the amount of $3,000 plus costs and attorney's fees in favor of the plaintiff. Defendant appeals therefrom.
Defendant-appellant basically contends that the trial court committed error in finding that the plaintiff and the defendant entered into a contract for plaintiff to provide architectural services to the defendant including the preparation of engineering and working drawings and that a reasonable fee therefor was $3,000.
Where a trial judge hears a cause without a jury as in the case sub judice, it is his duty to reconcile the conflicting evidence and the appellate court is not authorized to reverse unless his findings are clearly erroneous. See 2 Fla.Jur. Appeals § 346 (1963) and cases cited therein. After a careful scrutiny of the record on *708 appeal, we find there was substantial competent evidence contained therein to support the finding of the trial judge that plaintiff and defendant entered into a contract whereby plaintiff was to provide architectural services including the preparation of engineering and working drawings and that plaintiff, in fact, did provide such services. Further, the subject oral contract having fixed no definite sum as compensation, it was within the province of the trial judge to determine the reasonable value of plaintiff's services. See 7 Fla. Jur. Contracts § 117 (1956). There being competent substantial evidence to support the trial judge's award of $3,000 as being the reasonable value of the services rendered by the plaintiff, we will not disturb this determination on appeal.
We also considered the point raised on cross-appeal by plaintiff-appellee and find it to be without merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.
NOTES
[1] The exact terms of which are the subject of this lawsuit.
[2] Architectural Fee $6,000.00
 Photos & Brochure 40.00
 __________
 $6,040.00
 Payment 8/31/71 350.00
 __________
 $5,690.00