447 So.2d 363 (1984)
GULF SOLAR, INC. and James Bax, Appellants/Cross Appellees,
v.
Norman WESTFALL, Appellee/Cross Appellant.
No. 83-84.
District Court of Appeal of Florida, Second District.
March 9, 1984.
*364 Edward M. Chew of de la Parte & Gilbert, P.A., Tampa, for appellants/cross appellees.
Eddy R. Resnick of Gold & Resnick, P.A., Tampa, for appellee/cross appellant.
RYDER, Acting Chief Judge.
Gulf Solar, Inc. and James Bax appeal from a final judgment, following a nonjury trial, awarding damages to Norman Westfall. The trial court found that the appellants had entered into a valid and enforceable agreement for the employment of Westfall. Westfall cross-appeals the trial court's decision not to award to him attorney's fees and prejudgment interest. We find no error on the points raised by appellants, but hold that the trial court erred in not awarding attorney's fees to Westfall.
In September 1981, Westfall met with Bax, president of Gulf Solar. Westfall and Bax discussed a managerial position which was available at Gulf Solar. Compensation was one topic of discussion. Westfall testified that the compensation was to be $500.00 per week, plus an override of 2 1/2 or 3%. The override is computed as commission on sales made by employees who are supervised by the sales manager. Bax testified he had told Westfall that $500.00 is approximately 2 1/2 or 3% of retail sales, "[s]o let's go on that basis, $500.00 a week."
Westfall began working for Gulf Solar as sales manager on October 5, 1981. On a weekly basis, he received a company check in the amount of $500.00. Westfall stated that the override would be paid based on an accounting of orders installed and paid for during the prior month. Hence, on November 18, 1981, Westfall prepared an accounting which set forth an override of $1,255.83. This amount was based upon 3% of sales.
Bax testified he first realized that Westfall was claiming the override in addition to the weekly salary when Westfall presented the accounting report. Bax stated he discussed the apparent misunderstanding with Westfall. Bax testified that the agreed amount of compensation was solely $500.00 per week, but he paid the override "in an attempt to be fair, not because I owed it to him." Bax further told Westfall that if Westfall did not soon prepare a sales plan, Westfall would be fired.
By early December 1981, Westfall had not presented the sales plan to Bax. Westfall's employment was terminated.
Thereafter, Westfall prepared and submitted to Bax an accounting of sales made in November and December, up until the time Westfall left Gulf Solar. Westfall figured the override at 2 1/2% of sales. He stated he did not request 3% in order to avoid "hard feelings."
In February 1982, after the override for November and December was not paid, Westfall initiated legal proceedings. Gulf Solar filed a motion to dismiss the action asserting that the statute of frauds barred the enforcement of an oral employment contract. Following denial of the motion, Gulf Solar filed an answer and the affirmative defenses of payment, breach of contract by Westfall, and the statute of frauds.
Subsequently, Gulf Solar filed a motion for summary judgment asserting that the statute of frauds entitled Gulf Solar to *365 judgment as a matter of law. Part of the deposition of Westfall was presented to the court. Therein, Westfall was asked whether he intended his employment with Gulf Solar to go on for more than a year. Westfall responded in the affirmative. Later, Westfall filed an affidavit asserting that his services with Gulf Solar were capable of being performed within one year and, in fact, were so performed.
After the trial court denied the motion for summary judgment, the case proceeded to a nonjury trial. The statute of frauds was again argued by Gulf Solar as a defense.
The trial court found that there was an agreement to pay a commission, and entered judgment in favor of Westfall and against Gulf Solar for $6,171.45, plus $79.00 costs. The court denied Westfall's requests for prejudgment interest and attorney's fees. Concerning the latter, the court held that "commissions are not wages." Westfall was to take nothing from Bax under another count which is not raised in this appeal. Notices of appeal and cross-appeal were timely filed.
The appellants have raised two points in their appeal. First, whether it was error for the trial court to deny the appellants' motion for summary judgment; and second, whether the trial court properly found that the parties had a binding contract.
The arguments presented have failed to persuade us that the trial court committed reversible error on these points. Simply put, the parties had a valid oral contract for employment. Although there was a question as to the exact percentage of sales which would constitute Westfall's commission, there was no essential element missing from the agreement. That being the situation, the employment contract will not fail to bind the parties despite appellants' protestations to the contrary. The trial court properly could and did resolve the compensation question. See Robinson v. Pinsker, 303 So.2d 706 (Fla. 3d DCA 1974); Holm v. Woodworth, 271 So.2d 167 (Fla. 4th DCA 1972).
Concerning the denial of appellants' motion for summary judgment, the trial court acted properly as, under the situation presented here, the statute of frauds is not a bar to Westfall's suit. Section 725.01, Florida Statutes (1981), provides in pertinent part:
No action shall be brought whereby ... to charge any person ... upon any agreement that is not to be performed within the space of one year from the making thereof, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
The appellants have argued that if from the object to be accomplished and the surrounding circumstances it clearly appears that the parties intended for performance to extend beyond one year, enforcement of the agreement is barred by the statute of frauds. Yates v. Ball, 132 Fla. 132, 181 So. 341 (1938), is cited as authority.
Appellee Westfall stated in deposition that it was his intention for the employment relationship with Gulf Solar to continue for more than one year. In affidavit, he stated that his services were capable of being performed and were performed within the space of one year. These statements form the basis of Westfall's argument.
The trial court accurately stated that "all employees are hired probably indefinitely as long as they do the job. They go on forever, maybe twenty years, but that does not take it out of (sic) the statute of frauds." The court then denied the motion for summary judgment.
No error was committed by the denial of the motion for summary judgment. While the parties may have expected Westfall to remain with Gulf Solar for some unknown period of time, Gulf Solar had no obligation to retain Westfall's services and Westfall had no obligation to remain in Gulf Solar's employment for any definite time period. Apparently, Westfall would be retained by Gulf Solar for as long as his performance merited his retention in the view of Gulf Solar.
*366 The record reflects that Westfall's termination was based upon his failure to timely prepare a sales plan. That plan was to be prepared by Westfall within some sixty days of his employment with Gulf Solar. There is nothing in the record which allows the conclusion that Westfall was hired for some particular task which required for its performance a period of time in excess of one year. While Westfall might have remained with Gulf Solar for an unknown time period less than, greater than, or equal to one year, there has been no showing that he could not have performed his duties completely within one year of his hiring. Although Westfall did not promptly prepare a sales plan as ordered, it is clear that he should have been able to do so within one year. In fact, it was expected that he would do so since his failure to prepare the plan within two months prompted his termination.
The oral agreement involved in this case is not barred by the statute of frauds. See Yates v. Ball, supra. See also Hiatt v. Vaughn, 430 So.2d 597 (Fla. 4th DCA 1983); Venditti-Siravo, Inc. v. City of Hollywood, Florida, 418 So.2d 1251 (Fla. 4th DCA 1982); Gerry v. Antonio, 409 So.2d 1181 (Fla. 4th DCA 1982); Monogram Products, Inc. v. Berkowitz, 392 So.2d 1353 (Fla. 2d DCA 1980); W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA), petition for review denied, 388 So.2d 1114 (Fla. 1980). We, therefore, affirm the decision below as to the issues raised by the appellants.
Westfall has raised two issues in the cross-appeal. We find no error in the trial court's decision not to award prejudgment interest to Westfall. Federal Deposit Insurance Corp. v. Carre, 436 So.2d 227 (Fla. 2d DCA 1983); Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978). The cases cited to us by Westfall are not applicable to the present situation.
The remaining point raised in the cross-appeal concerns the trial court's failure to award attorney's fees to Westfall. Westfall sought attorney's fees pursuant to section 448.08, Florida Statutes (1981), which provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." The trial court denied attorney's fees "on the basis the commissions are not wages."
There appear to be only two Florida cases which discuss section 448.08. They are Doyal v. School Board of Liberty County, 415 So.2d 791 (Fla. 1st DCA 1982) and Metropolitan Dade County v. Stein, 384 So.2d 167 (Fla. 3d DCA 1980). Neither case is relevant to the case sub judice, and neither offers a definition of "wages."
Westfall refers us to section 440.02(12), Florida Statutes (1981), and section 443.036(31)(a), Florida Statutes (1981). Each section offers a definition of "wages", but neither is controlling in the present case; the former is part of the worker's compensation chapter and the latter is part of the unemployment compensation chapter of the Florida Statutes. Nevertheless, the definition given in section 443.036(31)(a) is helpful. The term "wages" is defined as "all remuneration for employment, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash."
We also note the definition of "wages" given in Black's Law Dictionary 1416 (5th ed. 1979):
A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production.
Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and reasonable value of board, rent, housing, lodging, payments in kind, tips, and any other similar advantage received from the individual's employer or directly with respect to work for him . .. . Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed. (citations omitted)
*367 The parties cite cases from various jurisdictions in support of their respective positions on this issue. See Affetto v. TRW, Inc., 691 F.2d 357 (7th Cir.1982); Crepeau v. Renewal Guaranty Corp., 29 Colo. App. 23, 478 P.2d 698 (1970); Hekker v. Sabre Construction Co., 262 Or. 552, 510 P.2d 347 (1973).
The definitions given in section 443.036(31)(a) and in Black's Law Dictionary seem to us to be the logical ones to utilize in construing whether commissions are wages as that word is used in section 448.08. We disagree with the trial court and hold that the commissions (or override) which the trial court found owing by appellants to Westfall are wages within the meaning of section 448.08. This action, initiated by Westfall, is an action for the recovery of unpaid wages; therefore, the trial court may award to Westfall attorney's fees pursuant to section 448.08. We thus remand this case to the trial court for the determination of the amount of attorney's fees to be awarded Westfall.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
DANAHY and CAMPBELL, JJ., concur.