487 So.2d 31 (1986)
GULFSTAR YACHT SALES, INC., Appellant/Cross Appellee,
v.
James BISSELL, Appellee/Cross Appellant.
No. 84-2273.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing Denied May 12, 1986.
Andrew A. Ostrow, of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant/cross appellee.
Thomas D. Lardin, of Weaver, Weaver, Lardin & Liroff, P.A., Fort Lauderdale, for appellee/cross appellant.
PER CURIAM.
By an appeal and cross-appeal we are asked to decide whether the trial court erred by refusing to grant a motion for involuntary dismissal in a nonjury trial and by declining to award attorney's fees. We affirm in part and reverse in part.
*32 Whether the court should have granted an involuntary dismissal depended on whether the plaintiff/appellee established that, as a broker, he was the procuring cause in the sale of a yacht. We have carefully reviewed the record and are satisfied that the plaintiff proved a prima facie case sufficient to withstand the motion for involuntary dismissal.
We turn then to the question of attorney's fees. The plaintiff sought attorney's fees pursuant to section 448.08, Florida Statutes (1985), which provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Here, as in Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla.2d DCA 1984), the trial court denied attorney's fees on the basis that commissions are not wages. We adopt the rationale of our sister court and reverse the denial of attorney's fees on the authority of Gulf Solar, supra.
Accordingly, the judgment on appeal is
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD and HURLEY, JJ., and BARKETT, ROSEMARY, Associate Judge, concur.