492 So.2d 1101 (1986)
Wallace G. FERRY, Cross Appellant,
v.
XRG INTERNATIONAL, INC., et al., Cross Appellees.
No. 83-2403.
District Court of Appeal of Florida, Fourth District.
July 23, 1986.
On Motion for Rehearing and Clarification September 17, 1986.
Louis B. Vocelle, Jr., and George H. Moss of Moss, Henderson & Lloyd, P.A., Vero Beach, for cross appellant.
Edna L. Caruso and Philip M. Burlington of Edna L. Caruso, P.A., and Johnson & Bakst, West Palm Beach, for cross appellees.
*1102 GLICKSTEIN, Judge.
The parties agree that the main appeal in this case became moot upon payment by the appellant/cross appellee employer's insurance company of a final judgment, consisting of the jury's award in favor of the appellee/cross appellant employee of $132,000 in compensatory damages, $137,000 in punitive damages, or a total of $269,000, and the subsequent addition of $12,000 in prejudgment interest.
The basis for the award was the employee's claim against his former employer for wrongful breach of the parties' employment contract, as modified. The modification provided:
1. Paragraph 12(b) is hereby terminated.
2. The following clause is hereby substituted for paragraph 12(b):
(a) The Company hereby agrees to pay the sum of $120,000.00 to Mr. Ferry in the event he leaves the Company for any reason other than for just cause, provided however that in the event the Company does not have such funds it shall forthwith establish that amount by making immediate payments to a trust account of $50,000.00 and to make monthly additions thereto together with interest up to the amount of $120,000.00 to be held on terms satisfactory to Mr. Ferry and his counsel;
(b) Until the said $120,000.00 amount has been established and the full amount therefore has been paid into the account, Mssrs. Krebser, Arcaro and Webster hereby agree personally to be responsible for a one-third portion of the unpaid amount which guarantee shall be released pro rata accordingly to payments into the said account.
The cross appeal of the employee remains viable as it is based upon the trial court's denial of cross appellant's attorney's fees, which he sought pursuant to section 448.08, Florida Statutes (1983), which is entitled "Attorney's fees for successful litigants in actions for unpaid wages" and which provides:
The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.
The trial court, in rendering its order which formed the basis for the appeal, stated at the hearing thereon that it did not believe that the statute applied to this case. After oral argument, we relinquished jurisdiction in order to request clarification by the trial court of its conclusion. The subsequent order entered by the trial court which has been very helpful, says:
1. This court finds the following as relevant facts to the issue presented herein:
a. The dispute between Wallace G. Ferry and XRG International, Inc. involves, in part, an employment contract for Mr. Ferry to act as President and Chief Operating Officer of XRG for three to five years from October 1, 1980. Mr. Ferry was to be paid a minimum salary of $10,000.00 per month. The contract provided if Mr. Ferry were terminated by the Board of Directors of XRG for other than just cause, he would "be entitled to be paid one year's salary in full satisfaction of such termination."
b. During the pendency of the contract, Mr. Ferry was terminated, without his consent, and XRG refused to provide him one year's salary. Mr. Ferry then brought the instant suit to recover for wrongful termination. He recovered a jury verdict for both compensatory and punitive damages.
2. Based upon these facts, this court concludes as a matter of law:
a. Chapter 448 of the Florida Statutes provides in section 448.08 that attorney fees may be awarded by the court to the prevailing party in an action for unpaid wages. Section 448.07(1)(c) defines: "`Wages' means and includes all compensation paid by an employer or his agent for the performance of service by an employee, including the cash value of all compensation paid in any medium other than cash."
b. The claim of Mr. Ferry in this case is not for wages within the above definition. *1103 He does not claim compensation for his services but rather his claim is for severance [sic] pay.
c. Since this action is not one for unpaid wages within the definition of Chapter 448 of the Florida Statutes, section 448.08 does not apply, and Mr. Ferry's prayer for attorney fees is denied.
Section 448.07(1)(c), mentioned by the trial court in its order, defines wages as:
Wage rate discrimination based on sex prohibited. 
(1) DEFINITIONS.  As used in this section, unless the context or subject matter clearly requires otherwise, the following terms shall have the meanings as defined in this section:
... .
(c) "Wages" means and includes all compensation paid by an employer or his agent for the performance of service by an employee, including the cash value of all compensation paid in any medium other than cash.
The definition in this statute is not absolutely controlling, as by its terms its application is limited to section 448.07, dealing with sex discrimination and not chapter 448 in general.
Nevertheless, section 448.07(1)(c) is somewhat similar to section 443.036(31)(a), Florida Statutes (1983), which defines "wages" as "all remuneration for employment, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash." Black's Law Dictionary 1416 (5th ed. 1979) defines "wages" as:
Wages. A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production.
Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and reasonable value of board, rent, housing, lodging, payments in kind, tips, and any other similar advantage received from the individual's employer or directly with respect to work for him. Ernst v. Industrial Commission, 246 Wis. 205, 16 N.W.2d 867. Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed. Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 24 Cal. App.3d 35, 100 Cal. Rptr. 791, 797.
In Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984), the court reversed the trial court's finding that a sales commission was not a wage within section 448.08. In doing so, the court utilized the definitions provided in section 443.036(31)(a) and Black's Law Dictionary. Community Design Corporation v. Antonell, 459 So.2d 343, 346 (Fla. 3d DCA 1984), used the same two definitions in finding that a bonus constituted "wages." In Gulfstar Yacht Sales, Inc. v. Bissell, 487 So.2d 31, 32 (Fla. 4th DCA 1986), this court said:
We turn then to the question of attorney's fees. The plaintiff sought attorney's fees pursuant to section 448.08, Florida Statutes (1985), which provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Here, as in Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984), the trial court denied attorney's fees on the basis that commissions are not wages. We adopt the rationale of our sister court and reverse the denial of attorney's fees on the authority of Gulf Solar, supra.

Using the definitions utilized in Gulf Solar, Antonell and by this court in Bissell, and looking at the definition contained in section 448.07, we hold that the compensation provided for in the contract does constitute "wages."[1] The one year's salary *1104 provided for in the contract should the cross appellant be terminated without cause was an inducement to procure his services and to help ensure the continued quality of those services once he was employed. See Hercules Powder Company v. Brookfield, 189 Va. 531, 53 S.E.2d 804, 808 (1949).
Accordingly, we reverse and remand with direction to proceed in a manner consistent herewith.
FEDER, RICHARD Y., Associate Judge, concurs.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I concur because the trial judge pointed out in paragraph 1a of his order that the severance payment in this case was to be "one year's salary (emphasis supplied). There can be no doubt that "salary" is synonymous with "wages" as the latter is defined in the quoted statute.
I would have affirmed this case had the trial judge denied the award claiming it was within his discretion to do so, since the award is not mandatory under the statute ("The court may award... ."). However, the trial court has now confirmed that it was not discretion, but a matter of non applicability of the statute that dictated his conclusion. In this he was in error under the wording employed in this particular employment contract.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
GLICKSTEIN, Judge.
We deny cross appellee, XRG International's motion for rehearing, but grant its motion for clarification by stating that nothing in the court's opinion was intended to interfere with the trial court's discretion in deciding whether to award an attorney's fee pursuant to section 448.08, Florida Statutes (1983).
LETTS, J., and FEDER, RICHARD Y., Associate Judge, concur.
NOTES
[1] We realize, in concluding the utilization of these definitions of "wages" is appropriate, that:

(1) there is no definition of "wages" provided for in section 448.08 and; (2) there is a legion of cases holding that since statutes authorizing an award of attorney's fees are in derogation of common law, such statutes must be strictly construed. See, e.g., Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501, 505 (Fla. 1982). This argument was not mentioned by cross appellee or the trial court.