525 So.2d 435 (1988)
Robert Lee COLEMAN, Appellant,
v.
CITY OF HIALEAH, Appellee.
No. 87-799.
District Court of Appeal of Florida, Third District.
April 5, 1988.
Rehearing Denied June 15, 1988.
Pelzner, Schwedock, Finkelstein & Klausner and Ronald Cohen, Miami, for appellant.
William Wetzel, City Atty., and Richard W. Gross, Asst. City Atty., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
This is an appeal by the plaintiff from a post-trial order denying his application for attorney's fees following the entry of a final judgment in his favor in a declaratory decree action. The plaintiff sought, in the action below, to collect certain employee disability benefits which were due to him as a police officer for the City of Hialeah. The central question presented on appeal is whether a plaintiff, who prevails in an action for unpaid employee disability benefits, is entitled to an award of attorney's fees under Section 448.08, Florida Statutes (1985), which authorizes such an award for "the prevailing party in an action for unpaid wages. ..." Id. (emphasis added). We hold that an action, as here, for unpaid employee disability benefits is not an action for "unpaid wages" within the meaning of Section 448.08, Florida Statutes (1985), and, accordingly, the prevailing party in such action is not entitled to an attorney's fee award under the above statute. We therefore affirm.

I
The facts of this case are entirely undisputed. On July 29, 1976, the plaintiff Robert Lee Coleman was seriously injured in an automobile accident while on duty as a police officer for the City of Hialeah. As a result of that accident, the Hialeah Police Department placed Coleman on short-term disability leave. He convalesced for twenty-six weeks and during that time received short-term disability benefits from the City of Hialeah pursuant to Section 24-13 of the Hialeah City Code. These benefits amounted to the difference between what he received in workers' compensation and 100% of his salary. At the conclusion of twenty-six weeks, Coleman had still not recovered *436 and was placed on long-term disability leave by the Hialeah Police Department. He continued to convalesce for over three years, during which time he drew long-term disability benefits from the City of Hialeah pursuant to the above-stated section of the Hialeah City Code. These long-term disability benefits amounted to the difference between what he received in workers' compensation and 75% of his salary.
On April 22, 1980, Coleman returned to work as a police officer and was assigned to the Records Division of the Hialeah Police Department. He continued in the active employ of the police department for two and one-half years when he suffered a second accident and again was placed on long-term disability under Section 24-13 of the Hialeah City Code. A dispute then arose as to the amount of long-term disability benefits due to Coleman under this code provision. The City of Hialeah calculated Coleman's benefits as being the difference between what Coleman received in workers' compensation and 75% of Coleman's salary based on his 1976 rate of pay ($650 biweekly), the salary he was making at the time of his first accident. Coleman disagreed and made demands upon the city to increase his disability benefits so as to equal the difference between what he received in workers' compensation and 75% of his salary based on his 1982 salary ($1,000 biweekly), the salary he was making at the time of his second accident. The City of Hialeah refused this request and this litigation resulted.
In June 1983, Coleman filed a declaratory decree action in the circuit court below seeking to have his rights to disability benefits declared under Section 24-13 of the Hialeah City Code; he urged that his benefits should be based on his 1982 salary rate, rather than his 1976 salary rate, as stated above. The City answered and ultimately a stipulated set of facts was filed with the trial court by the parties, together with opposing memoranda of law. The trial court thereafter entered a final judgment below granting the declaratory relief requested by Coleman so as to increase his long-term disability benefits due under the above-stated Hialeah ordinance. Coleman, as the prevailing party in the action, then filed a motion for attorney's fees under Section 448.08, Florida Statutes (1985). The trial court denied this motion, and Coleman appeals from this denial.

II
Section 448.08, Florida Statutes (1985), provides as follows:
"The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."
Florida courts have held that the prevailing party in an action to recover unpaid periodic salary,[1] unpaid sales commissions,[2] an unpaid bonus,[3] or unpaid severance pay[4]  all allegedly due under a contract of employment for services rendered  is entitled to an award of attorney's fees under the above statute. In so doing, Florida courts have looked to the following definitions of "wages" as persuasive in interpreting the above statute, inasmuch as chapter 448 of the Florida Statutes (1985) contains no such definition:
"`Wages' means and includes all compensation paid by an employer or his agent for the performance of service by an employee, including the cash value of *437 all compensation paid in any medium other than cash."[5]
"`[A]ll remuneration for employment, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash.'"[6]
"Wages. A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production.
Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses, and reasonable value of board, rent, lodging, payments in kind, tips, and any other similar advantage received from the individual's employer or directly with respect to work for him. (citation omitted). Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed."[7]
Central to these definitions and the results reached in the above cases is that the term "wages" involves some compensation paid to an employee for services rendered to his employer. Broadly read, this definition embraces salaries, commissions, bonuses, vacation pay, and severance pay.
On the other hand, benefits given by an employer to an employee as part of a social security type scheme  such as pension benefits, workers' compensation benefits, employment disability benefits, sick-leave benefits, or unemployment benefits  are not considered "wages" in the commonly accepted use of that term as defined above. Compare Baeza v. Pan American/National Airlines, Inc., 392 So.2d 920 (Fla. 3d DCA 1980). This is so because such benefits are not given as payment for services rendered by an employee. Instead, they are considered employment "entitlements" which are given because of a perceived societal or moral obligation to financially assist an employee when he or she is unable to work because of old age, employment-related accidents or physical disabilities, sickness or layoffs. It is thought uncivilized in a highly complex modern economy to throw employees out of work with no money whatever when they are permanently or temporarily non-productive or unneeded on the job due to forces beyond their control. An action brought to recover such employment "entitlements" is therefore not an "action for unpaid wages" under Section 448.08, Florida Statutes (1985), and an attorney's fee award for the prevailing party in such an action is not recoverable.[8]

III
Turning to the instant case, we have no trouble in concluding that the plaintiff Coleman was not entitled to an attorney's fee award in this action under Section 448.08, Florida Statutes (1985). In this action, Coleman sought the recovery of certain employment disability benefits due to him under the Hialeah City Code, as a result of two employment-related accidents which he suffered as a police officer for the City of Hialeah. He is now permanently disabled and is unable to work due to his work-related injuries. The circuit court ruled below in Coleman's favor and awarded him long-term disability benefits computed based on his 1982 salary rate, rather than his 1976 salary rate. Plainly, under Florida law, as stated above, this was not an action for "unpaid wages" within the meaning of the above statute and no attorney's fees were recoverable thereunder by Coleman. This was instead an action for the recovery of *438 employment "entitlements" which, as previously stated, is not covered by the above statute.
Coleman argues, however, that this was an action for "unpaid wages" under the above statute because the disability benefits which he recovered below were based on his salary rate. We cannot agree. No matter how Coleman's disability benefits are computed  whether based on his salary rate or some other criteria  they still remain disability benefits, not wages. Coleman, in fact, is physically unable to work or to earn a salary as a police officer and is being paid disability benefits because of his most unfortunate physical condition. These benefits are in no sense salary payments given for his services as a police officer. The order denying attorney's fees under review is, therefore, in all respects,
Affirmed.
NOTES
[1] James W. Gardner Corp. v. Twomey, 496 So.2d 946 (Fla. 2d DCA 1986) (unpaid "compensation"); Doyal v. School Bd. of Liberty County, 415 So.2d 791 (Fla. 1st DCA 1982) (school superintendent refused to sign salary warrants for school board employee); Metropolitan Dade County v. Stein, 384 So.2d 167, 168 (Fla. 3d DCA 1980) (certiorari review of county manager's dismissal of county employee; employee sought reinstatement and back pay).
[2] Gulf Solar, Inc. v. Westfall, 447 So.2d 363, 366-67 (Fla. 2d DCA 1984); Gulfstar Yacht Sales, Inc. v. Bissell, 487 So.2d 31 (Fla. 4th DCA 1986) (broker's commission action).
[3] Community Design Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984), rev. denied, 469 So.2d 748 (Fla. 1985).
[4] Ferry v. XRG Int'l, Inc., 492 So.2d 1101 (Fla. 4th DCA 1986).
[5] § 448.07(1)(c), Fla. Stat. (1983), followed in Ferry v. XRG Int'l, Inc., 492 So.2d 1101, 1103 (Fla. 4th DCA 1986).
[6] § 443.036(31)(a), Fla. Stat. (1983), followed in Ferry v. XRG Int'l, Inc., 492 So.2d 1101, 1103 (Fla. 4th DCA 1986), and Gulf Solar, Inc. v. Westfall, 447 So.2d 363, 366 (Fla. 2d DCA 1984).
[7] Black's Law Dictionary 1416 (5th ed. 1979), followed in Ferry v. XRG Int'l, Inc., 492 So.2d 1101, 1103 (Fla. 4th DCA 1986), and Gulf Solar, Inc. v. Westfall, 447 So.2d 363, 366-67 (Fla. 2d DCA 1984).
[8] We have not overlooked various unreported circuit decisions relied on by the appellant which have reached a contrary result, but we are not persuaded thereby.