538 So.2d 1328 (1989)
Donna Johns MUNSEY, Appellant,
v.
GENERAL TELEPHONE COMPANY OF FLORIDA, Appellee.
Nos. 87-1114, 87-3051.
District Court of Appeal of Florida, Second District.
February 17, 1989.
*1329 Robert H. Grizzard, II, Lakeland, for appellant.
Peter W. Zinober and Edwin J. Turanchik of Zinober & Burr, and James V. Carideo and Leslie R. Stein of GTE, Inc., Tampa, for appellee.
FRANK, Judge.
Donna Johns Munsey, a former employee of General Telephone Company of Florida, has challenged the trial court's entry of summary judgment in favor of General Telephone in a sex-based discrimination action. In a related appeal, consolidated for our consideration, Munsey has sought to overturn awards of attorney's fees to General Telephone and to individuals who at an earlier time were dismissed from the lawsuit. We affirm the judgment but reverse the attorney's fee order.
Munsey sued General Telephone under section 725.07, Florida Statutes (1983), which renders sex discrimination actionable. She claimed that she performed services equal to those of her male coworkers, all of whom were paid substantially higher wages.
The summary judgment entered by the trial court was grounded upon the principle of estoppel by judgment. Concurrently with her state court litigation, Munsey had sued General Telephone in a federal court under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (1982), alleging that she was denied two promotions because of her sex. It is unnecessary to burden this opinion with the details of her contentions that she was disparately treated because of her sex. It is enough to say that Munsey believed she was denied a deserved promotion to the position of "coordinator" because she had been performing the same duties as the male coordinators in her section. Thus, to *1330 prevail in her federal action Munsey was required to demonstrate that she performed the same or substantially the same work as the male coworkers with whom she compared herself. In dismissing all of her federal claims and in rendering judgment in favor of General Telephone, the federal court specifically found that Munsey did not perform duties equal to or comparable with those of her male coworkers. The judgment was subsequently affirmed by the United States Court of Appeals for the Eleventh Circuit.
We have no difficulty in finding, as did our trial court, that Munsey's equal pay claim was fully and fairly litigated in the federal court. Although the federal claim and the state causes of action were different, the central issue was the same in each instance.
Collateral estoppel, or estoppel by judgment, is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them. The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.
Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla. 1977). Although Munsey has contended that collateral estoppel is inappropriate in the face of different causes of action, that argument is groundless. As was stated in Argerenon v. St. Andrews Cove I Condominium Ass'n., Inc., 507 So.2d 709, 710 (Fla. 2d DCA 1987), "for estoppel by judgment to be a bar to a subsequent suit, the causes of action in the two suits must be different and the real parties in interest must be identical to both suits." Our independent review of the record in the federal court convinces us beyond doubt that Munsey was appropriately estopped from relitigating a claim that had already been rejected by a court of competent jurisdiction.
A second issue raised by Munsey originates in our trial court's order vacating defaults initially entered against General Telephone and four individual defendants. In its order the trial court specifically found that the defendants' failure to respond within the proper time was due to excusable neglect; that the defendants had tendered acceptable proposed answers and affirmative defenses; that the defendants had established meritorious defenses to the complaint; and that they acted diligently to have the default set aside. Munsey has offered no argument or facts from which we are able to conclude that the decision to vacate the defaults constitutes gross abuse of judicial discretion, the standard that we must apply in this procedural context. See S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986).
The only potential basis for concluding that the trial court erred in vacating the defaults concerns the finding that the defendants' attorney's miscalculation of the proper response time could not be deemed "excusable neglect." In similar circumstances various courts have held that counsel error in understanding or calculating the time limit  as opposed to simple forgetfulness or negligence  does constitute excusable neglect. See Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982); Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977); English v. Hecht, 189 So.2d 366 (Fla. 3d DCA), cert. denied, 194 So.2d 619 (Fla. 1966). Thus, in line with Florida's "long standing policy of liberality toward the vacating of defaults," North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962), the trial court correctly vacated the default.
Munsey's third point is that the trial court erred in deciding that an internal salary study undertaken by General Telephone would be excluded from trial. Because we have affirmed the summary judgment and the order vacating the defaults, we need not reach this issue.
Finally, Munsey contends that the trial court erred in finding that General Telephone and the individual defendants *1331 are entitled to attorney's fees. In spite of the arguments advanced by General Telephone, we agree. The trial court determined that the individual defendants were entitled to attorney's fees under section 57.105, Florida Statutes, the statute permitting an award of attorney's fees to the prevailing party "in any civil action in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party." In its order granting the individual defendants entitlement to attorney's fees the trial court created no specific findings for us to review. We have, therefore, thoroughly reviewed the record, including the memoranda of the parties and transcripts of hearings, and have concluded that the issue of whether the individual defendants could be held liable for any alleged discrimination in the matter of Munsey's employment was "justiciable." Considering the paucity of relevant interpretation of the statute under which Munsey sued, section 725.07, her decision to pursue the individuals was not so frivolous as to justify the sanction of imposing attorney's fees upon her. Her amended complaint, in spite of its failure to allege sufficient facts demonstrating the requisite intentional conduct on the part of the individual defendants, did survive a motion to dismiss. Not until summary judgment was granted in favor of those defendants was their legal liability ultimately resolved.
Although it is asserted that attorneys fees should be awarded because Munsey failed voluntarily to dismiss the individuals at a point when it became apparent that her claim against them was no longer tenable, such contention is based upon dicta  so labeled by the court  in a footnote in Wall v. Department of Transportation, 455 So.2d 1138, 1140 n. 1 (Fla. 2d DCA 1984):
However, it is conceivable that after a party initially states a justiciable claim or defense and it later becomes so evident that the other party should be discharged, failure to discharge could very well subject the losing party to the penalties of 57.105... . Our holding in Keen v. Bernardo, 452 So.2d 1133 (Fla. 2d DCA 1984), is consistent with our reasoning expressed herein.
The applicability of Keen to the matter at hand is at best doubtful in that Keen involved a suit against the wrong person. The plaintiffs sued Charles Bernardo, Jr. and served him with process although they knew he was not a party to the contract; they failed to dismiss him even when they knew that they intended to sue Charles Bernardo, Sr. In this case, however, there was at the outset at least some legitimate anticipation that liability would attach to the individual defendants if it could be demonstrated that they participated in activity for which they could be held responsible under section 725.07. Thus, this case is more closely aligned with others in which attorney's fees were struck down, because we cannot say that the action was so wholly devoid of a justiciable issue as to be frivolous. See Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987). As noted in Greater Clearwater Chamber of Commerce v. Modern Graphic Arts, Inc., 464 So.2d 594, 594 (Fla. 2d DCA 1985), "Events during the course of a lawsuit which reveal that the litigation is not sustainable do not necessarily convert a case into one in which fees under section 57.105 are recoverable."
Munsey's final point is that the trial court erred in awarding attorney's fees to General Telephone under section 448.08, Florida Statutes. That section provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Munsey's lawsuit, however, was expressly grounded upon section 725.07, Florida Statutes, which states that:
(1) No person ... shall discriminate against any person based on sex, marital status, or race in the areas of loaning money, granting credit or providing equal pay for equal services performed.
(2) Any violation of this section may be brought in the courts of this state by the *1332 individual upon whom the discrimination has been perpetrated in a civil action, and said individual shall be entitled to collect, not only compensatory damages, but, in addition thereto, punitive damages and reasonable attorney fees for a violation of this section.
On the simplest level, it is apparent that Munsey's cause of action was not for "unpaid wages" but for sex discrimination. For that alleged violation she sought damages  including punitive damages and attorney's fees. Concededly one component of her damage claim, had she prevailed, might have been the difference between that which she was paid and the compensation she would have received had she not been discriminated against  a sum that could conceivably be denominated "unpaid wages." This is not a case, however, in which the essence of Munsey's claim was that General Telephone owed her money; its scope and objective were much broader than a wage claim.
We have canvassed the reported cases in which a party attempted to recover attorney's fees under section 448.08 and have found no instance in which fees were awarded to a prevailing defendant in a sex discrimination case. Rather, the crux of the controversy in most of those cases is the determination of what constitutes "wages" for the purpose of the statute. See Coleman v. City of Hialeah, 525 So.2d 435 (Fla. 3d DCA 1988); James W. Gardner Corp. v. Twomey, 496 So.2d 946 (Fla. 2d DCA 1986); Community Design Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA), rev. denied, 469 So.2d 748 (1985); Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984). For instance, in Gardner, unpaid compensation under a contract was determined to be wages; and in Gulf Solar commissions were deemed to be wages for this purpose. In Coleman, an action to recover employee disability benefits was exempted from the scope of section 448.08. "This is so," stated the Coleman court, "because such benefits are not given as payment for services rendered by an employee. Instead, they are considered employment `entitlements' which are given because of a perceived societal or moral obligation... ." 525 So.2d at 437. Significantly, in those instances when the prevailing party was awarded fees the plaintiff sued for an amount of money allegedly wrongfully withheld after the performance of certain services. The employee's entitlement to the wages could be determined by reference to a contract or employment agreement and the amount due would be a simple matter of calculation. No determination that General Telephone "withheld" anything due Munsey, however, could be made without resort to resolution of complex legal and factual issues.
Munsey instituted this suit to redress an alleged violation of her rights by her employer. The purpose of her suit went far beyond an attempt merely to recover "unpaid wages." Her damages, had she prevailed, might well have included such items as pension and sick leave benefits, which the Coleman court noted are not commonly considered "wages." Despite General Telephone's efforts to downplay their importance, the cases in which section 448.08 has been held inapplicable are significant. For instance, in Buena Vista Construction Co. v. Carpenters Local Union, 472 So.2d 1356 (Fla. 5th DCA 1985), the court held that attorney's fees were not recoverable under section 448.08 in an action to enforce an arbitration award:
The instant case was not an action for unpaid wages, since, even though the damages were measured by the amount of lost wages, the basis of recovery was pursuant to the arbitration clause, as governed by Chapter 682, Florida Statutes, and not the general labor regulations of Chapter 448, Florida Statutes.
472 So.2d at 1358.
Similarly, the basis for Munsey's attempted recovery was section 725.07, and not the general labor statutes. Appellees distinguish Buena Vista on the basis that section 682.11, Florida Statutes, specifically excludes recovery of counsel fees in actions to enforce arbitration awards. Section *1333 725.07 contains no specific exclusions but unmistakably restricts attorney's fees to the prevailing plaintiff. We are unable to formulate statutory construction gymnastics capable of importing section 448.08 into the gap; in fact, to do so would fly in the face of the legislative policy behind the enactment of the anti-discrimination statute.
General Telephone has argued that section 725.07 and section 448.08 are in pari materia and should be read together to permit the trial court's award. We reject the basic presumption underlying such view. Furthermore, we cannot emphasize too forcefully that we are mindful of the burdens facing plaintiffs in employment discrimination lawsuits. To interpret section 448.08 as the trial court has done would impose an even greater barrier to the plaintiff whose foe is often capable of committing substantial resources to defend the charges. The risk of financial obligation could well induce the aggrieved plaintiff's forbearance from seeking an award of damages that could include much more than "unpaid wages." We cannot extract from the enactment of section 448.08 a legislative purpose to create a chilling effect on the pursuit of claims encompassed within section 725.07. Had the legislature intended the end urged by General Telephone, it would have provided the means in Chapter 725. It did not do so and the award of attorney's fees to General Telephone can not stand.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CAMPBELL, C.J., and SCHOONOVER, J., concur.