544 So.2d 1069 (1989)
ATLANTIS BUILDING B CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
John A. SKAWSKI and Wanda Skawski, His Wife, Frederick L. Andreoli and Mary M. Andreoli, His Wife, and Raymond B. Timm and Suzanne Timm, His Wife, Appellees.
Nos. 87-3290, 87-3291 and 87-3293.
District Court of Appeal of Florida, Fourth District.
June 7, 1989.
Rehearings Denied July 12, 1989.
Jane L. Cornett of Wackeen, Koebe, Cornett & Googe, P.A., Stuart, for appellant.
John L. Avery, Jr., Jupiter, for appellees.
PER CURIAM.
Appellants claim that the trial court erred when it entered final judgments awarding attorney's fees without findings to support its application of a contingency risk multiplier. While we find no error in the lodestar calculation made by the trial judge, we are compelled to reverse the final judgments awarding attorney's fees because the trial court failed to state findings to support the application of a contingency risk factor of 2. The trial court stated in its final judgments: "Therefore, *1070 this court should consider the contingency risk factor and it feels a multiplier of 2 to be reasonable." This statement does not constitute an adequate finding under the principles enunciated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). See also Travelers Indemnity v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987).
Accordingly, we reverse the final judgments awarding attorney's fees and remand this cause to the trial court with instructions to conduct such further hearings as may be necessary and to enter final judgments awarding attorney's fees complete with findings of fact as required by Florida Patient's Compensation Fund v. Rowe.
REVERSED and REMANDED.
DELL, WALDEN and POLEN, JJ., concur.