DANIEL, Chief Judge.
Appellant, Old Southern Life Insurance Company, appeals from the final judgment entered upon a jury’s verdict in favor of appellee, William Kirby. Finding no merit in the issues raised for review, we affirm. Appellant also appeals from the trial court’s order awarding appellee attorney’s fees. We reverse the order and remand to the trial court with directions to set forth specific findings supporting the application of a multiplier as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). In Rowe, the Florida Supreme Court ruled:
In determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. If the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction. In summary, in computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
472 So.2d at 1151-1152. In the instant case the trial judge found:
1. That the plaintiff is entitled to an award of a reasonable attorney’s fee. Following the dictates of the Florida Supreme Court in the case of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), the court makes the following findings of fact:
a. The court finds from the testimony presented and from review of the file that 120 hours is the number of hours reasonably expended in prosecution of the claim.
b. The court finds from the testimony presented that a reasonable hourly rate for plaintiff’s counsel in this case is $125 per hour.
c. The court finds that based upon a contingency risk factor in the litigation that this is a proper case for the application of [an enhancement factor] provided in the Rowe case, supra.
d. Based on the application of [an enhancement factor], counsel for plaintiff is entitled to a fee of $24,000.
Clearly, the trial judge attempted to comply with the specificity requirements of *707 Rowe. His efforts fell short, however, in that he failed to set forth specific findings supporting the use of an enhancement factor. See Atlantis Building B. Condominium Association, Inc. v. Skawski, 544 So.2d 1069 (Fla. 4th DCA 1989); Reliance Insurance Company v. Harris, 503 So.2d 1321 (Fla. 1st DCA), review denied, 513 So.2d 1063 (Fla.1987).
Since, on remand, the trial court is not required to reconsider and reimpose an award of fees, the recent ruling in Standard Guaranty Insurance Company v. Quanstrom, 555 So.2d 828 (Fla.1990) is not implicated.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and COBB, JJ., concur.