PER CURIAM.
The Ivens Corporation appeals from a judgment entered on remand following this court’s reversal of a prior judgment which awarded Cohen commissions and interest. See Ivens Corp. v. Cohen, 560 So.2d 1352 (Fla. 3d DCA 1990). Cohen cross-appeals from this same judgment. For the following reasons, we reverse and remand for a new trial on damages.
In 1986, Cohen, a salesman, sued Ivens for breach of contract seeking unpaid commissions. A bench trial was held that resulted in a final judgment in favor of Cohen, entered 530 days after the trial’s conclusion. Ivens appealed, and Cohen cross-appealed from that judgment. This court reversed and remanded directing that the damage award be recalculated.[1] On remand, without further testimony, the trial court entered a final judgment that mirrored the original judgment less $59.50.
The trial court erred in failing to adequately redetermine damages. “[Ojnce a mandate [is] issue[d] to the trial court, and the order appealed becomes the appellate court’s order or decree ... [the trial court’s] function is limited to implementing and effectuating [that] order or decree.” Milton v. Keith, 503 So.2d 1312, 1314 (Fla. *530 3d DCA 1987). It is clear from this court’s original opinion that the original judgment was not reversed merely to correct a conceded sixty-dollar overage. Accordingly, the current judgment under review fails to effectuate the original appellate decision and must be reversed.
In addition, Cohen argues on cross-appeal that the trial court erred by failing to reserve jurisdiction to award attorney’s fees. We agree. Unpaid commissions fall within the term “wages” when attorney’s fees are sought under section 448.08, Florida Statutes (1987). See Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984) (commissions were “wages” within statute authorizing court award of attorney’s fees to prevailing party in action for unpaid wages).
Accordingly, we again remand this case to the trial court with directions that a new trial be held solely on the issue of damages and that reasonable attorney’s fees be awarded to Cohen.
Reversed and remanded with directions.

. Three errors were specifically noted: (1) that the oral pronouncement by the court at the end of trial differed from the findings memorialized in the final judgment; (2) that the facts as discerned from the record were inconsistent with the court’s finding that the Ivens/Cohen relationship terminated in December, 1984; and (3) that the final judgment concededly exceeded the alleged appropriate amount of damages.