596 So.2d 801 (1992)
Sharon L. WOODS, Appellant,
v.
UNITED INDUSTRIES, CORP., Appellee.
No. 91-2190.
District Court of Appeal of Florida, First District.
April 8, 1992.
*802 J. Clark Hamilton, Jr., Jacksonville, for appellant.
William G. Cooper and Tracy K. Arthur of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellee.
SMITH, Judge.
Appellant, the plaintiff below, appeals the denial of her motion for attorney's fees following entry of a directed verdict for damages in her favor. We reverse and remand for further proceedings.
Appellant filed a three count complaint against her former employer for severance pay and other damages. The trial court granted a directed verdict in favor of appellant and reserved jurisdiction to consider appellant's motion for costs and attorney's fees. Appellant sought fees on the authority of section 448.08, Florida Statutes, which provides that a court may award to a prevailing party, in an action for "unpaid wages," the costs of the action and a reasonable attorney's fee. We affirmed the directed verdict. United Industries, Inc. v. Woods, 593 So.2d 244 (Fla. 1st DCA 1992). After receiving argument on the question, the trial court granted appellant's motion for costs but denied attorney's fees. The trial court declined to follow Ferry v. XRG International, Inc., 492 So.2d 1101 (Fla. 4th DCA 1986), where severance pay was deemed wages for purposes of section 448.08, apparently on the ground that the Ferry court had not strictly construed this attorney's fee statute because such a construction was not mentioned by the trial court in its ruling or argued on appeal. See, Ferry, 492 So.2d at 1104 n. 1. By contrast, appellee in the case at bar has argued for a strict construction of section 448.08.
We find that the trial court misconstrued Ferry, and that attorney's fees are awardable under section 448.08 in the action for unpaid severance pay under the facts of this case.[1] However, section 448.08 vests with the trial court the ultimate discretion as to whether attorney's fees should be awarded. Because it is not clear whether the trial court would have awarded fees to appellant had it felt it had the authority to do so, we remand the cause to the trial court for further proceedings on this issue.
REVERSED and REMANDED.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] The facts are fully discussed in our opinion ruling on the merits found at 593 So.2d 244.