769 So.2d 1102 (2000)
Erling SPEER, Appellant/Cross-Appellee,
v.
Charles MASON and E. Speer & Associates, Inc., f/k/a Environmental Ventures, Inc., Appellee/Cross-Appellant.
No. 4D99-2163.
District Court of Appeal of Florida, Fourth District.
October 4, 2000.
*1103 Edward A. Marod of Edward A. Marod, P.A., West Palm Beach, for Appellant/Cross-Appellee.
Leif J. Grazi of Grazi and Gianino, Stuart, and Steven M. Goldsmith, Boca Raton, for Appellee/Cross-Appellant Charles Mason.
OFTEDAL, RICHARD, Associate Judge.
Erling Speer appeals only that portion of the trial court's final judgment awarding attorney's fees in favor of Charles Mason pursuant to the provisions of section 448.08, Florida Statutes.[1] In his cross-appeal, Mason raises several issues challenging the amount of the fee. We affirm the trial court's award of attorney's fees to Mason and find merit in his cross-appeal.
Speer contends that Mason is not entitled to attorney's fees since section 448.08 is applicable only to actions for recovery of lost wages.[2] At issue in this employment dispute is whether an action over an employee's vested interest in a profit sharing plan may be considered to be within the purview of the statute. This is a question of both law and fact. See, e.g., Ferry v. XRG Int'l., Inc., 492 So.2d 1101 (Fla. 4th DCA 1986). Our review is complicated by the fact that the trial court proceedings were unreported; no transcript of the attorney's fee hearings exist. The trial court's factual findings are presumed to be correct and may be reversed only in the absence of substantial, competent evidence, an impossible task given the *1104 lack of a transcript. See Bimonte v. Martin-Bimonte, 679 So.2d 18 (Fla. 4th DCA 1996). Our inquiry does not end, however, as the trial judge's application of the law is subject to judicial review.
Although the term "unpaid wages" is not defined in the statute, it seems clear that it encompasses more than mere salary as argued by Speer. To the contrary, Florida courts have addressed several types of compensation other than salary and found them to be "unpaid wages" within the meaning of the statute. See, e.g., Warshall v. Price, 629 So.2d 905 (Fla. 4th DCA 1993); Strasser v. City of Jacksonville, 655 So.2d 234 (Fla. 1st DCA 1995)(annual leave credits and vacation pay); D.G.D., Inc. v. Berkowitz, 605 So.2d 496 (Fla. 3d DCA 1992)(unpaid commissions); Woods v. United Indus. Corp., 596 So.2d 801 (Fla. 1st DCA 1992)(severance pay); Ivens Corp. v. Cohen, 593 So.2d 529 (Fla. 3d DCA 1992)(employee bonuses).
This court, in Ferry, upheld an attorney's fee award under section 448.08 in an action by an employee to recover one year's salary as a termination benefit. We relied upon the definitions of "wages" utilized by our sister courts in Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984), and Community Design Corporation v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984), and by this court in Gulfstar Yacht Sales, Inc. v. Bissell, 487 So.2d 31 (Fla. 4th DCA 1986). The one year's salary provided for in the employment contract in the event the employee was terminated without cause "was an inducement to procure his services and to help ensure the continued quality of those services once he was employed." Ferry, 492 So.2d at 1104.
Similarly, in this case, Mason's compensation agreement with ESA included participation in a non-qualified profit sharing program that provided he would receive the vested portion of the profit sharing plan upon termination of his employment as part of his "final compensation." It is akin to the termination benefit in Ferry in that it was provided as further compensation to ensure Mason's continued employment and quality of services. Thus, even though the profit sharing benefit in this case is retirement-oriented, it cannot be considered a retirement benefit since, like a bonus, it is given as payment of services rendered, thereby distinguishing it from other benefits that are given because of a perceived societal or moral obligation due an employee when he or she can no longer work. See Coleman v. City of Hialeah, 525 So.2d 435, 437 (Fla. 3d DCA 1988)("[B]enefits given by an employer as a part of a social security type schemesuch as pension benefits, worker's compensation benefits, or unemployment benefitsare not considered `wages' in the commonly accepted use of that term....").
Having concluded that the trial judge correctly ruled that the compensation provided for in the compensation agreement constituted "wages," we next address Mason's cross-appeal on the issue of attorney's fees, wherein he argues that the wrong contingent fee multiplier was applied to the lodestars found by the trial judge. Once again, we are hampered in our review by a lack of a transcript. Efforts by the parties to reconstruct the record and prepare a statement of evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4) were only partially successful.[3] A statement of evidence was approved by the trial court that was modified to include only facts specifically *1105 recalled by the judge. The trial judge's inability to have total recall of the entire proceedings does not render the record inadequate or call for the striking of the statement of evidence as asked for by Speer. See Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983).
The record, such as it is, is nonetheless sufficient to justify entitlement to a multiplier, a fact conceded by Speer at the attorney's fee hearing and supported by the original contingency agreement executed in this case. Because the testimony of the witnesses and the statement of evidence, as approved, demonstrate that the likelihood of success by the attorneys was remote, the trial court could have awarded Mason's trial attorney a multiplier of between 2 and 2.5 instead of the 1.5 actually given. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 834 (Fla.1990). The entitlement and use of a multiplier in a partial contingency fee case such as this is not automatic but is a matter of judicial discretion. However, in exercising that discretion, the trial judge must include findings supporting a multiplier. Absent such findings, reversal and remand are required. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Atlantis Bldg. B Condominium Ass'n v. Skawski, 544 So.2d 1069 (Fla. 4th DCA 1989); Old S. Life Ins. Co. v. Kirby, 563 So.2d 706 (Fla. 5th DCA 1990).
The final judgment awarding attorney's fees in this case contains no findings supporting either the granting of a 1.5 multiplier for the attorney representing Mason, or the denial of any multiplier for work done by his associate on the case. Therefore, we must reverse the award of attorney's fees and remand for the trial court to conduct such hearings as may be necessary to determine the appropriate contingency fee multipliers and to enter a final judgment with findings in support of the trial court's ruling.
Finally, we address Mason's motion for appellate attorney's fees against Speer. As previously noted, Speer was made a party to this appeal through supplementary proceedings undertaken in accordance with section 56.29, Florida Statutes. Florida law does not allow for an award of prevailing attorney's fees against such a party. See Rosenfeld v. TPI Int'l Airways, 630 So.2d 1167 (Fla. 4th DCA 1993). Accordingly, Mason's motion for appellate attorney's fees is denied.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
WARNER, C.J. and STEVENSON, J., concur.
NOTES
[1] Speer was added as a supplementary defendant only after E. Speer & Associates, Inc., n/k/a C.V. Holdings, Inc. (ESA) filed for bankruptcy. This action remains stayed as to ESA.
[2] Section 448.08, Florida Statutes, provides that "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."
[3] Fla. R.App. P. 9.200(b)(4) provides:

If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.