PER CURIAM.
We affirm the trial court’s final summary judgment entered in favor of Burger King Corporation. Under the unambig *1167 uous terms of the letter agreement between Donno and Burger King Corporation, Donno’s employment with the corporation terminated on January 3,1985. Consequently, the trial court correctly denied Donno’s claim of entitlement to benefits under the management incentive plan, which became vested only for those who remained employed by the corporation through May 31, 1985. See Feola v. Valmont Indus., Inc., 208 Neb. 527, 304 N.W.2d 377 (1981); Compton v. Shopko Stores, Inc., 93 Wis.2d 613, 287 N.W.2d 720 (1980); cf. Atkinson v. Equitable Life Assurance Soc. of the United States, 519 F.2d 1112 (5th Cir.1975) (insurance agent, terminated after thirteen and one-half years, not entitled to renewal commissions which became vested only for employees with fifteen years of service); State ex rel. Roberts v. Public Fin. Co., 294 Or. 713, 662 P.2d 330 (1983) (employee, terminated three days before first anniversary of employment, not entitled to vacation pay where employee eligible for vacation only after first anniversary). Our decision is unaffected by the fact that Donno received severance payments from the corporation until June 26, 1985. Severance pay is, by definition, payments made to an employee after the employment relationship is severed. Feola, 304 N.W.2d at 383; Compton, 287 N.W.2d at 723; Black’s Law Dictionary 1232 (5th ed. 1979). Accordingly, the trial court’s final summary judgment is affirmed.