JORGENSON, Judge.
Plaintiffs, thirty-five former mid-level managers of divisions of Pantry Pride Enterprises [Pantry Pride], sued Pantry Pride for severance pay and various other benefits. The action was filed under the Federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. [ERISA], and also alleged various state common-law causes of action. The trial court entered summary judgment for the employer on the common-law claims on the basis of federal preemption. On the remaining count, which alleged violations of ERISA, the trial court entered summary judgment for the employer. We affirm.
In 1976 Pantry Pride issued a written severance pay policy which provided that “[t]he Company will pay severance pay on a weekly basis to eligible management personnel affected by the closing of a plant or department and who remain actively at work through the date set by the Company in accordance with the following schedule ...” (emphasis added). Pantry Pride revised that policy in writing in 1981 to provide that “[n]o severance pay will be paid to employees ... in accordance with policy and past practice, upon being offered employment by or obtaining successor employment with the purchaser of an operation or department.” Beginning in August, 1983, Pantry Pride began to sell its distribution warehouses in Jacksonville and Miami. All of the plaintiffs were hired by the purchasers. Each plaintiff obtained employment with virtually identical job duties and compensation as he or she had enjoyed with Pantry Pride. Moreover, each plaintiff began working for the successor employer immediately after the sale was completed; there was no interruption in employment. When plaintiffs applied for severance pay from Pantry Pride, Pantry Pride denied their claims.
Simply put, the employees claim that, pursuant to the 1976 policy statement, they are entitled to severance pay because the 1981 modification to that policy, although written, was never disclosed to them. Because Pantry Pride violated the disclosure provisions of ERISA,[1] they contend, the 1981 modification is not viable. Although we agree with the parties that the severance pay policies were employee welfare benefit plans within the meaning of ERISA,[2] we see no need to delve into the intricacies of ERISA, its disclosure requirements, or the relief to be provided to employees allegedly aggrieved by those perceived procedural violations. Assuming that Pantry Pride violated the disclosure provisions of ERISA, and assuming, without deciding, that the relief to be afforded for such violations is, in fact, enforcement of the 1976 policy,[3] the employees, nevertheless, are not entitled to severance pay by the plain terms of the policy statement which they seek to enforce. The 1976 policy grants severance pay to certain employees “affected by the closing of a plant or department....” Here, there was no such closing. Instead, there was a complete sale of divisions of Pantry Pride, and each employee, without any interruption in employment simply continued at his or her former job, albeit with a successor employer.[4] “Severance pay is, by definition, payments made to an employee after the employment relationship is severed.” Donno v. Burger *1308 King Corp., 510 So.2d 1166, 1167 (Fla. 3d DCA 1987). Although Pantry Pride technically severed its relationship with the plaintiffs, the express terms of the 1976 policy do not allow plaintiffs to receive severance pay.[5] Severance pay is like other benefits afforded to employees as part of a welfare or social security type scheme that
are not given as payment for services rendered by an employee. Instead, they are considered employment ‘entitlements’ which are given because of a perceived societal or moral obligation to financially assist an employee when he or she is unable to work because of old age, employment-related accidents or physical disabilities, sickness or layoffs. It is thought uncivilized in a highly modern economy to throw employees out of work with no money whatever when they are permanently or temporarily non-productive or unneeded on the job due to forces beyond their control.
Coleman v. City of Hialeah, 525 So.2d 435, 437 (Fla. 3d DCA), rev. denied, 536 So.2d 243 (Fla.1988).
Under the terms of the 1976 severance pay policy, and considering the nature and purpose of severance pay, Pantry Pride properly denied the employees’ applications for severance pay. Plaintiffs never were unemployed, never were laid off, and never lost a day’s wages. The trial court was therefore correct in entering summary judgment for the employer, albeit for the wrong reason.
Affirmed.

. 29 U.S.C. §§ 1021-1023.

. See, e.g., Young v. Standard Oil, 849 F.2d 1039 (7th Cir.1988) (severance pay plan subject to ERISA requirements), cert. denied, 488 U.S. 981, 109 S.Ct. 529, 102 L.Ed.2d 561 (1988); Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir.1984) (same), cert. denied, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985).

. In fact, it is not at all clear that an employer’s failure to disclose rises to the level of a substantive harm that would render the non-disclosed plan void and not enforceable. See Young v. Standard Oil, 849 F.2d 1039 (7th Cir.1988) (procedural violations of ERISA not so flagrant as to prevent application of plan); compare Blau v. Del Monte, 748 F.2d 1348 (9th Cir.1984) (where employer actively concealed plan from employees, disclosure violations of ERISA were egregious and wholesale, and rendered denial of benefits arbitrary and capricious).

.Pantry Pride moved to dismiss the plaintiffs’ action on this basis; the trial court denied the motion.

. But see Demerath v. Nestle Co., 121 Wis.2d 194, 358 N.W.2d 541 (Wis.App.1984) and cases cited therein. In Demerath, the court held that employees were entitled to severance pay where the employer's personnel policy stated that such benefits would be paid to employees who were involuntarily terminated through the closing of a plant. The court held that the employees were entitled to severance pay even though they suffered no interruption in employment or loss of wages upon being hired by the purchaser.