ERNST, Appellant, vs. INDUSTRIAL COMMISSION, Respondent.

*November 13—December 19, 1944.*

For the appellant there was a brief by *Drought & Drought* of Milwaukee, and oral argument by *James J. Drought.*

*Stanley Rector* and *Arthur Barber,* both of Madison, for the respondent.

ROSENBERRY, C. J. The appellant contends: (1) That sec. 108.02 (6), Stats., under which the assessment was made, is so far as it includes tips as wages invalid and unconstitutional; (2) that the determination of the amount of the tips is arbitrary, inconsistent, and conjectural.

The first contention requires us to consider the provisions of sec. 108.02 (6), Stats., printed in the margin.[1]

---

[1] "Wages" means every form of remuneration payable for a given period (or paid within such period, if this basis is permitted or prescribed by the commission) to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and the reasonable (actual or estimated average) value of board, rent, housing, lodging, payments in kind, *tips,* and any other similar advantage received from the individual's employer or directly with respect to work for him; but there shall not be treated as "wages" the actual (or reasonably estimated average) amount of any required or necessary expenses incurred by an individual on his job.

The commission held that the tips received should be treated as "wages" under the terms of sec. 108.02 (6), Stats. Appellant cites a number of cases as to the meaning of the term "wages" but ignores the statutory definition. The statute under consideration is in effect a tax statute requiring deductions from pay rolls for the creation of an unemployment compensation fund. It certainly is within the competence of the legislature to define the terms used in the statute. Counsel cites no authority to sustain his position and we find none. The statute is valid.

(2) The principal contention made by the appellant under the second proposition is that tips do not constitute payment for services; that sec. 108.02 (8), Stats., requires only contributions to be based on wages paid by the employer. Inasmuch as the statute expressly provides that wages shall include "tips," the legislature must have determined that tips are part of the employee's compensation, we see no escape from the conclusion that under this statute "tips" are wages.

Appellant further contends that the method by which the Industrial Commission proceeded to estimate the amount of tips is arbitrary, inconsistent, and conjectural. The appellant apparently made no effort to collect and keep data on the amount of tips received by his waiters. The employees testified that they were willing to supply the necessary information and many employers keep such records. Under such circumstances there was nothing for the Industrial Commission to do but to determine as best it could the amount of tips received by the employees. It took a percentage of the customers that leave tips and the average amount of the tip. From this the number of customers being known, it computed the total amount of tips. There seems to us to be nothing unreasonable or arbitrary about this method. The plaintiff offered no evidence from which it can be deduced that the amount of the tips as ascertained was not fair and reasonable. He made no effort to keep track of the amount of tips received. He made it necessary for the commission

to adopt its only means at hand to determine the amount. Having ascertained the amount, the finding of the commission is presumptively correct, nothing appearing to the contrary. See cases cited 15 Wis. Dig. p. 713, sec. 485 (1).

*By the Court.*——Judgment affirmed.