MARIA PEREZ OTERO Y OTROS
Demandantes-Recurridos

v.

ASOCIACION DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandada-Recurrente

Núm. KLCE-96-00450

San Juan, Puerto Rico, a 7 de agosto de 1996

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA) presentó una Petición de *Certiorari* para revisar una Resolución del Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, que denegó una Moción de Sentencia Sumaria presentada por ella. Dicha moción, solicitaba que se desestimara la demanda interpuesta por la Local 1850 de la Unión Internacional de Trabajadores de la Industria de Automóviles, Aeroespacio e Implementos Agrícolas (Unión) y treinta y cinco (35) de sus miembros, en la que reclaman el pago del bono de navidad para los empleados sustitutos, según la fórmula incluida en los convenios colectivos que regían las relaciones entre las partes.

Aduce la AEELA que erró el tribunal de instancia al denegar la referida moción ya que, según ella, los convenios colectivos aplicables requieren que las disputas se resuelvan por medio del proceso de arbitraje, lo cual priva de jurisdicción al tribunal. Alega, además, que erró el tribunal al no declarar prescrita la reclamación instada ya que las controversias relacionadas a los beneficios provenientes de los convenios tienen, a su juicio, que presentarse dentro del término de tres (3) días laborables de surgir éstas.

A la luz de la sección pertinente de los convenios colectivos, concluimos que no erró el tribunal de instancia al declarar sin lugar la Moción de Sentencia Sumaria y, por ende, resolver que tenía jurisdicción para entender en el caso. También, consideramos que es inmeritorio el segundo señalamiento de error, pues sería contrario a la ley y a la política pública el fijar en tres (3) días el período de prescripción para las reclamaciones salariales, en este caso el bono de navidad.

### I

Describimos a continuación los hechos y trámites procesales pertinentes a este recurso, los cuales no están en disputa.

Este caso surge debido a una controversia entre la Unión y AEELA respecto a si el bono de navidad en distintos convenios colectivos entre las partes, es de aplicación a los empleados sustitutos unionados. Para los años en disputa, 1985 al 1994, AEELA le pagaba a los empleados regulares unionados el bono de navidad, según contemplado en los convenios colectivos, el cual resultaba ser mayor al que establece la Ley Núm. 148 del 30 de junio de 1969, 32 L.P.R.A., secs. 3118 a 3132. A los empleados sustitutos unionados, AEELA les pagaba el bono de navidad, según la fórmula provista en la Ley Núm. 148, *supra.*

El 27 de agosto de 1993 la Unión presentó ante el Comité de Quejas y Agravios una querella contra AEELA para reclamar el pago del bono de navidad a los empleados sustitutos, según establecido en los convenios colectivos, cubriendo el período antes señalado. El 29 de octubre de 1993 la querella fue discutida por el Comité de Quejas y Agravios. Las partes no se pusieron de acuerdo, por lo que presentó una querella ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos y solicitó la designación de una terna de árbitros. La AEELA y la Unión seleccionaron un árbitro el cual señaló el caso para el 22 de febrero de 1995. Antes de comenzar la vista en los méritos, la Unión retiró la querella con el propósito de recurrir ante los tribunales directamente. En vista de ello, el árbitro decretó el cierre y archivo de la querella.

El 27 de junio de 1995 la Unión y los treinta y cinco (35) afiliados co-demandantes presentaron una demanda ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan. En ésta reclaman el pago de la diferencia entre lo que AEELA pagó a los empleados sustitutos como bono de navidad y la cantidad a la cual ellos tendrían derecho, según los convenios colectivos aplicables. La suma reclamada asciende a diecisiete mil doscientos ochenta y cuatro dólares con ochenta centavos ($17,284.80). Los demandantes, solicitaron, además, que se le concediera una suma igual como penalidad, más costas y honorarios de abogado.

Luego de contestar la demanda, la AEELA presentó una Moción de Sentencia Sumaria para desestimar la misma. Como fundamento adujo que el tribunal carecía de jurisdicción ya que los convenios colectivos que rigen las relaciones entre las partes indican que el foro con jurisdicción lo es el arbitraje. En adición, planteó que la querella estaba prescrita, ya que el término para instar cualquier

reclamación relacionada a los beneficios concedidos en los convenios colectivos, es de tres (3) días laborables, a partir del surgimiento de ésta. Argumenta la AEELA que *"[l]os términos prescriptivos de ley aplican solamente a los beneficios dispuestos por ley"* y no a beneficios acordados en los convenios colectivos.

Por otro lado, la Unión alegó que el Art. 27 del convenio colectivo, sobre Procedimiento de Quejas y Agravios, en su inciso 27(I), establece que las reclamaciones de salarios no estarán sujetas al proceso de arbitraje y pueden dilucidarse en las cortes de ley con jurisdicción.

El 2 de abril de 1996 el tribunal recurrido declaró No ha Lugar la moción de Sentencia Sumaria presentada por la AEELA.

No conforme, la AEELA presentó ante este Foro una Petición de *Certiorari* señalando que el tribunal de instancia debió declarar con lugar la moción de Sentencia Sumaria y desestimar la demanda. Alega que el tribunal recurrido no tenía jurisdicción para entender en el caso ya que la controversia debió dilucidarse mediante arbitraje. También, aduce que erró el tribunal al no declarar prescrita la reclamación de los recurridos.

## II

La controversia en relación a si el tribunal de instancia tiene jurisdicción se basa en la interpretación y aplicación del inciso 27(I) del convenio colectivo suscrito entre las partes para los años 1994 a 1997, cuyo texto es como sigue: █

*"Toda reclamación de salario que surja bajo este convenio o legislación aplicable y los tipos de salarios generales, no estarán sujetos al procedimiento de arbitraje aquí establecido, ya que las partes expresamente convienen que el arbitraje será sustituido por las cortes de Ley con jurisdicción competente. Ello no impedirá, no obstante, que las partes por mutuo acuerdo sometan a arbitraje cualquier reclamación cuya cuantía no exceda de quinientos (500) dólares si no se ha podido resolver en los primeros tres (3) pasos del procedimiento establecido en este Artículo."*

Para analizar lo dispuesto en el inciso 27(I), *supra*, nos guiaremos por las normas establecidas en la interpretación de los convenios colectivos, según expuestas por el Tribunal Supremo en el caso de *J.R.T. v. Vigilantes, Inc.,* 125 D.P.R. 581 (1990). En éste, a las págs. 591 y 592, se señaló que:

*"Los convenios colectivos representan la ley entre las partes siempre y cuando sus disposiciones no estén reñidas con la ley, la moral y el orden público. Pérez v. Autoridad Fuentes Fluviales, 87 D.P.R. 118 (1963)... Cuando las cláusulas del convenio son claras y no dejan lugar a dudas sobre la intención de las partes hay que atenderse al sentido literal de la mismas." A.M.A. v. J.R.T.,* 114 D.P.R. 844 (1983).

El lenguaje del inciso 27(I), *supra*, es claro y no deja lugar a dudas que la voluntad de las partes era que en reclamaciones de salarios, los tribunales de justicia fuesen una opción para resolver las controversias surgidas sobre éstos.

En su Petición de *Certiorari*, la AEELA no expuso fundamento alguno por el cual podamos concluir que no es de aplicación a la situación de autos el inciso 27(I) del convenio colectivo. Al discutir dicho inciso, la AEELA se limitó a señalar que aun cuando se considerase la reclamación del bono de navidad como una de salarios, la Unión no podía acudir a los tribunales, pues una vez iniciado el procedimiento de arbitraje ella estaba forzada a agotar el mismo. No tiene razón la AEELA. La Unión optó por retirarse oportunamente del procedimiento de arbitraje, lo cual tenía derecho a hacer antes de que se dilucidara en sus méritos su querella. Así, no mediando una determinación sobre los méritos de ésta, la Unión podía recurrir ante los tribunales, como en efecto hizo.

Finalmente, aduce la AEELA que el bono de navidad no constituye salario, por lo que no es de aplicación el inciso 27(I). Sin embargo, no nos presenta argumentos o citas de autoridades que repalden tal alegación. A nuestro juicio, es totalmente frívolo este señalamiento de la AEELA. El bono de navidad constituye parte del ingreso que recibe un empleado por motivo de su trabajo y es

parte de su salario.

Rivera García, Diccionario de Términos Jurídicos, 2da ed., Orford, New Hampshire, Equity, 1985, pág. 255, define salario como: *"Remuneración por lo general en dinero, y excepcionalmente en especie, que se paga a la persona que hace un trabajo para otra, en virtud de un contrato de trabajo o un mandato remunerado."*

Black's Law Dictionary, 6ta Ed. St. Paul, Minn., West Publishing, 1990, pág. 1579, presenta la siguiente definición de "wages":

*"A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production.*

*Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and reasonable value of board, rent, housing, lodging, payment in kind, tips, and any other similar advantage received from an individual's employer or directly with respect to work for him. Ernst v. Industrial Commission, 246 Wis. 205, 16 N.W.2d 867. Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed. Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 24 Cal. App. 3d 35, 100 Cal. Rptr. 791, 797."*

F. Elkouri y E. A. Elkouri, How Arbitration Works, 4ta ed, Washington, D.C., Bureau of National Affairs, 1985, págs. 573, 574, en su discusión del tópico *"bonuses"*, indican:

*"In cases where the facts indicated that the bonus had become an integral part of the wage structure, thus constituting a deferred wage payment, arbitrators have held that management may not unilaterally eliminate or alter bonus plans, despite the fact that bonuses were not mentioned in the contract. **The presence of several or all of the following types of evidence would tend to indicate that a bonus has become an integral part of wages: long usage; treatment by the company of bonus payments as relevant consideration during contract negotiations,** in wage calculations (such as vacation pay), or in hiring; failure of the company to make it clear that the bonus was a gift or gratuity; stability or predictability of the amount of the bonus; relating the bonus to work performed by the employee; payment of the bonus in such a way as to create an expectation by the employees at the end of the year. (Enfasis suplido.)*

*On the other hand, in cases where the facts indicated that the bonus was a gratuity given at the discretion of management and not paid as part of wages, management was permitted unilaterally to alter or eliminate the bonus plan in the absence of contractual restriction. The presence of several or all of the following types of evidence would tend to indicate the bonus is a gift: annual consideration and vote by the board of directors as to whether, when, and how much to pay; distribution of bonus checks separately from paychecks; variation in amount or nature of the bonus; payment to all employees without having previously announced a bonus plan; statements posted by the company that bonus payments are discretionary and union acquiescence in some way to such statements."*

### III

En el segundo señalamiento de error, la AEELA aduce que las sumas reclamadas están prescritas. Fundamenta su posición en que el bono de navidad, en exceso de lo provisto por ley, es un beneficio del convenio colectivo. Siendo ello así, sostiene que los términos prescriptivos aplican solamente a los beneficios dispuestos por ley, pero no a los otorgados por convenio. A tenor con este aspecto, aduce que la querella tenía que haberse presentado dentro de los tres (3) días laborables que dispone el convenio colectivo.

No tiene razón la AEELA. Las disposiciones de un convenio colectivo son la ley entre las partes **siempre y cuando no estén reñidas con la ley,** la moral y el orden público. *Pérez v. Autoridad de Fuentes Fluviales, supra; J.R.T. v. Vigilantes, Inc., supra.* La política pública al respecto está claramente señalada en 29 L.P.R.A. secs. 246b y 246d. La sec. 246b dispone, en parte:

*"(a) Todo obrero o empleado que por su trabajo reciba compensación inferior a la prescrita en las secs. 245 et seq. de este título o en un decreto mandatorio, orden o reglamento de la Junta de Salario Mínimo **o en un convenio colectivo** o en un contrato individual de trabajo tendrá derecho o [sic] cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, por concepto de salario, vacaciones, licencia por enfermedad **o cualquier otro beneficio, más una cantidad igual a la que se le haya dejado de satisfacer,** por concepto de compensación adicional, además de las costas, gastos, intereses y honorarios de abogado...."* (Énfasis suplido.)

El período prescriptivo para estas reclamaciones es el estipulado de diez (10) años, si el empleado estuviese trabajando con el patrono y tres (3) años una vez cese en su empleo, 29 L.P.R.A. sec. 246d.

**IV**

Por las consideraciones anteriores, se deniega la expedición del auto de *certiorari.*

Regístrese y notifíquese.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

**ESCOLIO 96 DTA 110**

**1.** Para los fines de la solución de este recurso, asumimos que la misma cláusula esta excluida en todos los convenios colectivos que cubren los años objeto de las reclamaciones.