NESBITT, J.
Yvonnie Coffie appeals from the section of the final judgment below denying her Motion for Attorney’s Fees, despite the judgment in her favor in a breach of contract suit for “back pay.” We agree with Coffie that this denial of attorney’s fees was erroneous and, therefore, reverse that portion of the judgment, remanding to the trial court for a determination of the proper amount of fees.
Coffie had been employed since 1979 at the registrar’s office of Miami-Dade Community College (MDCC). She had started as a clerk, then was promoted to data entry clerk and later, in 1984, to “staff associate level A” in the Academic Advisement department. In 1986, the chairman of the Advisement department, Max Lombard, initiated a discussion with Cof-fie regarding whether she was interested in assuming additional duties and responsibilities in exchange for a promotion to the position of “staff associate, senior” at pay grade “level C.” Coffie agreed to accept the duties in exchange for the promotion. From that time forward, Coffie performed the additional duties associated with the higher position. However, she was never promoted and never received the higher pay of that position. After Coffie’s repeated unsuccessful requests for the reclassification of her position (the promotion), the underlying suit followed.
Pursuant to section 448.08, Florida Statutes (1995), the trial court may award attorney’s fees to the prevailing party in “an action for unpaid wages.” When this suit was originally filed in 1995, Coffie alleged violations of various civil rights statutes[1] as well as breach of express and implied contract, and fraud. She later amended her complaint to allege a claim for attorney’s fees pursuant to section 448.08 under her breach of contract and fraud counts. Following a mistrial in the first trial of this case, Coffie abandoned her civil rights claims. The second trial went forward on only the breach of express and implied contract claims. The jury found that MDCC had breached an implied contract with Coffie, and awarded Coffie $10,184.00, described on the verdict form as “back pay.” Following the second trial, the trial judge denied Coffie’s motion for attorney’s fees under section 448.08. This was error.
Surely, a successful breach of contract claim which resulted in the award of “back pay” to Ms. Coffie was an action for “unpaid wages” so as to come within the statute for attorney’s fees. The Munsey and Pena cases relied upon by MDCC are distinguishable. Unlike in Munsey, here the employee proceeded to trial only on common law theories of recovery — breach of contract and fraud. See Munsey v. General Telephone Co. of Florida, 538 So.2d 1328 (Fla. 2d DCA 1989). Unlike in Pena, the instant case was not an attempt to recover expenses incurred in the (pretrial) administrative hearing of an employee’s claims. See Dade County v. Pena, 664 So.2d 959 (Fla.1995). When it reached the jury, Coffie’s claim was strictly one for “back pay” a/k/a “unpaid wages.”
We vacate that portion of the trial court’s judgment denying Coffie attorney’s fees, and remand for a determination of those fees.

. Coffie alleged violations of Title VII of the Civil Rights Act of 1964, of 42 U.S.C. § 1981, and of chapter 760, Florida Statutes (1995).