TAYLOR, J.
 

 Defendants Ultimate Makeover Salon & Spa, Inc. and Michele Zalinger appeal from the trial court’s denial of them motion for attorney’s fees in a suit to recover wages under section 448.08, Florida Statutes (2007). Defendants obtained summary judgment in their favor upon the trial court’s determination that plaintiffs claims for wages were barred by the statute of limitations. However, the trial court denied defendants’ claim for attorney’s fees because they prevailed on a statute of limitations defense rather than on the merits. We reverse.
 

 On November 28, 2007, Denise DiFran-eesco filed a two-count complaint against defendants for underpayment of wages, in violation of the Florida Minimum Wage Act, section 448.110, Florida Statutes (2007).
 

 On December 17, 2007, pursuant to section 57.105(4), Florida Statutes (2007), defendants informed plaintiff that the statute of limitations barred recovery and notified her that they would seek sanctions if she did not withdraw the complaint.
 

 On December 28, 2007, defendants filed a motion to dismiss plaintiffs complaint, based on the two-year limit set for wage claims in section 95.11(4)(e), Florida Statutes (2007). The motion incorporated Zal-inger’s affidavit, which stated that plaintiffs last day of work was November 23, 2005 — more than two years before the complaint was filed.
 

 On January 11, 2008, defendants filed two motions for sanctions. The first concerned expiration of the statute of limitations period. The second sought sanctions for plaintiffs failure to comply with section 448.110’s pre-suit procedural requirements.
 

 On January 23, 2008, the trial court declined defendants’ request to treat the
 
 *337
 
 motion to dismiss as a motion for summary-judgment and issued an order denying the motion to dismiss. Defendants later filed an answer, raising an affirmative defense based upon the statute of limitations and requesting attorney’s fees and costs.
 

 In response to interrogatories propounded by defendants, plaintiff answered Interrogatory 1 as follows:
 

 1. Specify the year, month(s) and date(s) you claim you worked at Ultimate Makeover Salon & Spa.
 

 ANSWER:
 

 I was employed from October 4, 2005 to November 22, 2005.
 

 Defendants filed a motion for summary judgment on April 10, 2008, alleging,
 
 inter alia,
 
 that the two-year statute of limitations had expired. Thereafter, on May 14, 2008, plaintiff filed a motion to amend the complaint to add four additional counts: wages owed, unjust enrichment, quantum meruit, and alter-ego (to pierce Ultimate’s corporate veil and hold Zalinger personally liable).
 

 Pursuant to section 57.105(4), Florida Statutes, defendants informed plaintiff that the applicable statute of limitations barred recovery on the four additional proposed counts because they were also wage claims. They enclosed a motion for sanctions that they intended to file if plaintiff failed to withdraw her complaint. In July 2008, defendants filed their motion for sanctions.
 

 At the hearing on plaintiffs motion to amend her complaint, plaintiff conceded that the two original counts under section 448.110 were time-barred and agreed to drop them. She substituted the four additional proposed counts, which essentially sought recovery of the same “wages” claimed under the original two counts. Plaintiff also re-asserted her claim to attorney’s fees under section 448.08.
 

 Defendants answered the amended complaint, again claiming an affirmative defense based on the statute of limitations and requesting an award for attorney’s fees and costs. They filed a motion for summary judgment on all counts in the amended complaint. The trial court granted the motion, ruling as follows:
 

 The primary issue before the Court is whether the two year statute of limitations under Florida Statute § 95.11(4)(c) applies to the claims asserted by the Plaintiff. The Court concludes that the two year limitation applies.
 
 Blackburn v. Bartsocas,
 
 978 So.2d 820 (Fla. 4th DCA 2008).
 

 While each of the claims sounds in contract — express or implied — the claims relate to the payment of wages. While the cases establish a distinction between “wages” and “salary,” the facts here support the conclusion that the Plaintiff is seeking wages and not a salary or bonus.
 
 See, e.g. Nealon v. Right Human Resource Consultants, Inc.,
 
 669 So.2d 1120 (Fla. 3d DCA 1996) (a bonus is not wages under Section 95.11(4)(c)).
 

 Defendants sought attorney’s fees and costs under sections 57.105(1) and 448.08. The trial court granted their claim for costs under section 448.08 but denied their request for attorney’s fees under both statutes. As to section 448.08 fees, the court determined that attorney’s fees should not be assessed because “[tjermination of a case based on the statute of limitations while final, and appropriate, is different from a termination on the merits.” Regarding section 57.105(1) fees, the court ruled that “[plaintiffs and her counsel’s efforts to avoid the statute of limitations were not ‘frivolous’ even under the lower standard now applicable to Section 57.105.”
 

 Defendants appealed the trial court’s refusal to award them attorney’s fees. Acknowledging that the trial court has dis
 
 *338
 
 cretion in awarding fees under section 448.08, defendants contend that the court relied upon the wrong standard in reviewing their claim for fees by basing its decision on the fact that defendants prevailed on a statute of limitations defense rather than on a resolution on the merits.
 

 Section 448.08, Florida Statutes, provides that “[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney’s fee.” Based on the statute’s use of the permissive term “may,” it appears that the trial court has broad discretion in awarding attorney’s fees under this statute. Because section 448.08 has typically been used to award attorney’s fees to prevailing unpaid workers, scant case law exists on awarding attorney’s fees to prevailing employers.
 

 Case law does support, however, awarding an employer attorney’s fees under section 448.08 when the employer prevails under a section 95.11(4)(c) statute of limitations defense.
 
 See Carpenter v. Metro. Dade County,
 
 472 So.2d 795, 796 (Fla. 3d DCA 1985) (“Although [the employee’s] complaint purported to seek a declaratory statement of his rights, his claim actually constituted an action for back wages filed beyond the applicable limitations period. § 95.11(4)(c), Fla. Stat. (1979).... [Thus, t]he trial court properly granted attorney’s fees to the [employer], the prevailing party in this action. § 448.08, Fla. Stat. (1979).”).
 

 When a trial court misconstrues the scope of its discretion in ruling on a section 448.08 attorney fee award, the proper remedy is to remand the cause to the trial court for further proceedings.
 
 Woods v. United Indus., Corp.,
 
 596 So.2d 801, 802 (Fla. 1st DCA 1992) (“Because it is not clear whether the trial court would have awarded fees to appellant had it felt it had the authority to do so, we remand the cause to the trial court for further proceedings on this issue.”).
 

 Here, the trial court’s order suggests that the court based its decision on the mistaken belief that it could not award section 448.08 attorney’s fees to defendants because they prevailed on a statute of limitations defense rather than on the merits. This was an incorrect standard that stymied the court’s exercise of discretion. We therefore reverse the order denying attorney’s fees to defendants and remand this case to the trial court for further proceedings consistent with this opinion.
 

 We have considered the additional issues raised by defendants and conclude that such issues are either without merit or rendered moot by our decision.
 

 Reversed and Remanded.
 

 CIKLIN and GERBER, JJ., concur.