# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-262
Lower Tribunal No. 6-7701
_____


**Deborah Phillips,**
Appellant/cross-appellee,

vs.

**Angelo Garcia, et al.,**
Appellees/cross-appellants, et al.


An Appeal from the Circuit Court for Miami-Dade County, Victoria Platzer, Judge.

Max R. Price, P.A., and Max R. Price, for appellant/cross-appellee.

Billbrough & Marks, P.A., and G. Bart Billbrough and Erin Hantman, for appellee/cross-appellant Robert N. Pelier.


Before SUAREZ, ROTHENBERG and SCALES, JJ.

SCALES, J.

The defendant below, Deborah Phillips, appeals an order denying her motion for fees made pursuant to section 57.105, Florida Statutes (2009).[1] The plaintiff below, Angelo Garcia, and his counsel, Robert Pelier, cross-appeal from the same order with regard to the denial of their motion for attorney fees pursuant to section 57.105. Because we conclude the trial court did not abuse its discretion in denying either motion, we affirm.

## I.    Background

On April 20, 2006, Garcia, represented by Pelier, commenced a civil action against Miami-Dade County, seeking damages on claims of false arrest and malicious prosecution. Garcia alleged that a number of Miami-Dade police officers caused Garcia to be wrongfully criminally charged as the result of the filing of a false police report.[2] Garcia's second amended complaint, filed on January 16,

---

[1] Section 57.105(1) reads:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or any at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.

2007, added Phillips, a Miami-Dade police officer involved in the arrest and investigation of Phillips, as a defendant.[3]

In March 2007, Phillips served Garcia and Pelier with a document captioned, "Request for Dismissal of Action Pursuant to F.S. § 57.105(4)" (Request for Dismissal). In the Request for Dismissal, Phillips demanded that the lawsuit against her be dismissed. Phillips asserted that the lawsuit was frivolous because there was no material evidence to support the claim of malicious prosecution. The Request for Dismissal was filed with the trial court on February 5, 2009.[4]

Prior to Phillips filing her 57.105 motion with the court, Phillips moved for summary judgment in June 2008, arguing there was no proof of any of the

---

[2] A judgment of acquittal ultimately was entered in favor of Garcia in the underlying criminal case.

[3] The operative complaint for purposes of this appeal is the corrected fourth amended complaint.

[4] We disagree with the trial court's finding that Phillips's Request for Dismissal was not properly filed because it was appended, as an exhibit, to Phillips's February 5, 2009, filing. The "safe harbor" provision of section 57.105 requires that a motion seeking sanctions be served on the opposing party, putting him or her on notice that the claim is not supported by facts or law, and then filed with the court at least twenty-one days after it is served. § 57.105(4). Phillips's 57.105 motion was served on Garcia and Pelier in 2007, and subsequently filed, albeit as an exhibit to a more comprehensive fees motion, on February 5, 2009. Clearly, Phillips's 57.105 motion was filed with the court more than twenty-one days after it was served upon Garcia and Pelier, and we are unaware of any authority invalidating a 57.105 motion simply because it is filed with the court as part of a more comprehensive filing.

elements for a malicious prosecution claim. Additionally, Phillips argued that she was entitled to qualified immunity.

On January 12, 2009, the trial court heard, and subsequently granted, Phillips's motion for summary judgment, holding Phillips was entitled to qualified immunity from Garcia's lawsuit.

On January 6, 2012, Garcia and Pelier filed their motion for section 57.105 sanctions, which had previously been served upon Phillips and her counsel in August 2011. In their motion, Garcia and Pelier argued that Phillips's pursuit of her section 57.105 fees motion was frivolous and, therefore, that they were entitled to fees under the statute.

After a hearing, the trial court entered an order denying both section 57.105 motions. This timely appeal and cross-appeal followed.

## I. Standard of Review

The appellate court reviews orders denying motions for attorney fees and costs for an abuse of discretion. State, Dep't of Transp. v. Kisinger Campo & Assocs. Corp., 661 So. 2d 58, 59 (Fla. 2d DCA 1995). "The [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." Asinmaz v. Semrau, 42 So. 3d 955, 957 (Fla. 4th DCA 2010) (alteration in original) (quoting

4

Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So. 2d 520, 523 (Fla. 1st DCA 2003)).

We recognize the superior vantage point of the trial judge, and will reverse only if the record reflects that no reasonable trial judge could have denied the subject motions for 57.105 sanctions. See Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).

## II.    Analysis

The fact that the trial court determined, via summary judgment, that Phillips was entitled to qualified immunity, does not necessarily mean that Garcia's malicious prosecution claim lacked factual support—and was therefore sanctionable—under section 57.105. See Freeman v. Valdez, 393 So. 2d 1173 (Fla. 3d DCA 1981) (affirming denial of a motion for section 57.105 fees where case was dismissed on basis that sheriff was immune from defamation claims); see also Bowen v. Brewer, 936 So. 2d 757, 762 (Fla. 2d DCA 2006) ("Winning a motion for summary judgment does not conclusively prove a section 57.105 claim. If that were the standard, then every award of summary judgment would be followed by a section 57.105 motion.") (citation omitted).

The record supports the trial court's conclusion that Phillips did not establish that Garcia's malicious prosecution claim was meritless; Phillips simply proved that, in this instance, she was able to avoid Garcia's claim by successfully

5

advancing her immunity defense. See Cullen v. Marsh, 34 So. 3d 235, 243 (Fla. 3d DCA 2010) ("While [the defendant] ultimately established entitlement to an exemption so as to have [the writ of garnishment] dissolved, the fact that he prevailed on the merits entitles him to no sanction award . . . . Simply put, [the defendant] did not establish that [the plaintiff's] 'claim[s]' had no merit; rather, he proved that in this instance he was entitled to avoid them.") (citations omitted). Thus we conclude the trial court did not abuse its discretion in denying Phillips's motion for section 57.105 fees.[5]

Additionally, we affirm the trial court's denial of Garcia and Pelier's motion for section 57.105 attorney fees without further discussion.

Affirmed.

---

[5] We also find it significant that Phillips's motion for 57.105 fees did not allege qualified immunity as a grounds for entitlement to an award of fees. Cf. Lago v. Kame By Design, LLC, 120 So. 3d 73 (Fla. 4th DCA 2013) (concluding the trial court could only consider grounds raised in the statutorily-compliant motion for section 57.105 fees and could not consider additional grounds raised in the subsequent statutorily-deficient motion for section 57.105 fees because the subsequent motion raised new arguments for sanctions without giving the party fair notice to withdraw offending claims); cf. Demby v. English, 667 So. 2d 350 (Fla. 1st DCA 1995) (reversing an order that denied a motion for section 57.105 fees where summary judgment was granted in favor of the defendant on the basis that the defendant's statements were absolutely privileged **and the defendant's motion for fees claimed** that the plaintiff failed to state a cause of action because the statements were absolutely privileged).

6