# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-902
Lower Tribunal No. 11-5043
_____

**Filomena Ruffa,**
Appellant,

vs.

**Saftpay, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Wendell M. Graham, Acting Circuit Court Judge.

Conrad & Scherer, LLP, and Matthew Seth Sarelson (Fort Lauderdale), for appellant.

Gastesi & Associates, P.A., and Raul Gastesi and Haydee Sera (Miami Lakes), for appellee.

Before WELLS, ROTHENBERG, and EMAS, JJ.

ROTHENBERG, J.

Filomena Ruffa appeals the trial court's denial of her motion for attorney's fees and costs following a judgment in her favor on her breach of contract claim for unpaid bonuses. Because we hold that the trial court acted within its discretion by denying Ruffa's motion for attorney's fees, we affirm.

## FACTUAL BACKGROUND

Saftpay, Inc. is an internet payment services company that hired Ruffa as a salesperson. Ruffa's employment contract with Saftpay specified that Ruffa would draw a base salary of $60,000 per year and also provided that she could earn substantial contractual bonuses if her direct diligence either brought in a new client or convinced certain financial institutions to integrate Saftpay into their software. During her first year with the company, Ruffa claimed she helped convince Banco Nacional de Costa Rica to integrate Saftpay into its software and also brought in Cardinal Commerce as a new account. Based on her work with these clients, Ruffa believed she was entitled to the bonuses specified in her employment contract, and she requested payment from Saftpay.

Saftpay acknowledged that Ruffa was entitled to a portion of the claimed bonuses, paying her $20,000 in cash for her work on the Cardinal Commerce Account, but it refused to pay the full amount Ruffa had requested. Ruffa responded by filing a one-count complaint for breach of contract against Saftpay, alleging that Saftpay owed her $20,000 in cash and $30,000 in stock options as a

bonus for her work on the Banco Nacional de Costa Rica account ("the Banco Nacional account") and $40,000 in cash and $40,000 in stock options as a bonus for her work on the Cardinal Commerce account under the terms of the contract.

A non-jury trial took place over several days in August 2012, and on October 8, 2013, the trial court rendered a final judgment in Ruffa's favor. The judgment found that Ruffa had proven she was entitled to the bonus for her work on the Cardinal Commerce account but that she was not entitled to any bonus for her work on the Banco Nacional account. Accordingly, the final judgment awarded Ruffa $40,000 in cash (plus prejudgment interest) and $40,000 in stock options that had to be exercised within 90 days, if at all. Ruffa tried to convince the trial court to award her additional cash in lieu of the stock options,[1] but the trial court denied her request.

On November 7, 2013, Ruffa and Saftpay filed competing motions for attorney's fees and costs pursuant to section 448.08 of the Florida Statutes (2013), each claiming to be the sole prevailing party in the case. Both parties agreed in their motions that the issues could not be discretely separated to apportion attorney's fees based on the work done on a particular portion of the suit, meaning the trial court was not able to award Ruffa her requested attorney's fees for only

---

[1] Saftpay avers that the stock options are of no real value because the strike price has been below the option price at all times Ruffa could have exercised her options to this date.

3

the Cardinal Commerce portion of the suit on which she had clearly prevailed while awarding Saftpay its requested attorney's fees on the Banco Nacional portion of the suit on which it had clearly prevailed.

The trial court conducted a hearing on the parties' entitlement to attorney's fees and ultimately entered an order denying both parties' motions for attorney's fees and costs by ruling that the litigation had essentially ended in a tie. Ruffa timely appealed the denial of attorney's fees and costs, while Saftpay has not appealed the denial of its competing motion for fees and costs.

## LEGAL ANALYSIS

Section 448.08 of the Florida Statutes provides: "The court **may** award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." (emphasis added).[2] Ruffa's primary argument on appeal is that the prevailing party in an unpaid wages claim is necessarily entitled to an award of attorney's fees despite the legislature's use of the permissive word "may" in section 448.08, and accordingly, we should review the trial court's findings regarding which party prevailed and its denial of fees de novo. Ruffa is incorrect, as such an interpretation is supported by neither the plain reading of

---

[2] While an action for unpaid wages most commonly refer to an employer's failure to pay an employee's common salary or hourly wage, an employer's failure to pay a bonus to which an employee is entitled also falls within that definition. Hingson v. MMI of Fla., Inc., 8 So. 3d 398, 401 (Fla. 2d DCA 2009); Gulf Solar, Inc. v. Westfall, 447 So. 2d 363, 366 (Fla. 2d DCA 1984).

4

section 448.08 itself nor the case law interpreting the statute. While a few cases have loosely stated that a party either is or is not "entitled" to an award of attorney's fees under the statute in passing, see Ocean Club Cmty. Ass'n v. Curtis, 935 So. 2d 513, 516 (Fla. 3d DCA 2006); see also Coffie v. Dist. Bd. of Trs, Miami-Dade Cmty. Coll., 739 So. 2d 148, 149 (Fla. 3d DCA 1999), this Court has squarely held that section 448.08 "**authorizes, but does not require**, an award of attorney's fees for the prevailing party in an action for unpaid wages," Williams v. Fla. Mem'l Coll., 453 So. 2d 541, 542 (Fla. 3d DCA 1984) (emphasis added). The other courts of appeal unanimously agree that an award of fees under section 448.08 is merely permissive in nature—not mandatory—and thus, a trial court's decision to grant or deny attorney's fees to the prevailing party in an unpaid wages claim is reviewed for an abuse of discretion. Ultimate Makeover Salon & Spa, Inc. v. DiFrancesco, 41 So. 3d 335, 338 (Fla. 4th DCA 2010) ("Based on [section 448.08's] use of the permissive term 'may,' it appears that the trial court has broad discretion in awarding attorney's fees under this statute."); Joseph v. Commonwealth Land Title Ins. Co., 707 So. 2d 376, 377 (Fla. 5th DCA 1998) (holding that section 448.08 "**allows** a court to award attorney's fees to the prevailing party" (emphasis added)); Woods v. United Indus., 596 So. 2d 801, 802 (Fla. 1st DCA 1992) ("[S]ection 448.08 vests with the trial court the ultimate discretion as to whether attorney's fees should be awarded."); Tampa Bay Publ'ns,

5

Inc. v. Watkins, 549 So. 2d 745, 747 (Fla. 2d DCA 1989) ("[S]ection 448.08 does not require the trial court to impose [attorney's] fees on the successful employee in all cases, but only grants the court the discretion to do so."). We therefore review the trial court's denial of Ruffa's motion for attorney's fees for an abuse of discretion.

On these facts, we do not find that the trial court abused its discretion. We need not even determine whether Ruffa was the prevailing party—an admittedly close question—because the trial court could have exercised its discretion to deny Ruffa's motion for attorney's fees even assuming, arguendo, that Ruffa was the prevailing party. As explained above, even where one party prevails on the significant issues in the litigation, see Moritz v. Hoyt Enters., 604 So. 2d 807, 810 (Fla. 1992) ("[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."), the trial court still has broad discretion to decline an award of attorney's fees pursuant to section 448.08, DiFrancesco, 41 So. 3d at 338 ("[T]he trial court has broad discretion in awarding attorney's fees under [section 448.08]."). And when a trial court is vested with broad discretion, an appellate court can reverse only where the trial court's decision is completely unreasonable.

> Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to

6

the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942).

To be clear, we do not hold that a trial court can never abuse its discretion by denying attorney's fees under section 448.08. The legislative purpose of section 448.08 was to allow an unpaid wages plaintiff to seek reimbursement from his or her employer without worrying about the cumbersome costs of litigation. See Doyal v. Sch. Bd. of Liberty Cnty., 415 So. 2d 791, 793 (Fla. 1st DCA 1982) ("In enacting Section 448.08, the Legislature intended to avoid the inequity which would result if an employee were required to pay her own attorney's fees in actions for unpaid wages."). A trial court may very well abuse its discretion by denying attorney's fees to a plaintiff that clearly prevailed in a case where a denial of fees would frustrate this legislative purpose. See id. (reversing the trial court's denial of attorney's fees where a teacher prevailed on her claim and her attorney's fees substantially outweighed her recovery). This case, however, is not such an example.

Given the trial court's finding that the litigation essentially ended in a tie—a finding that is amply supported by the record—it was entirely reasonable for the trial court to require each side to bear its own legal fees. "Indeed, when the litigation 'end[s] in a tie,' with each party 'prevail[ing] in part and los[ing] in part

7

on the significant issues,' the trial court is well within its discretion to deny attorney's fees to both parties." Schoenlank v. Schoenlank, 128 So. 3d 118, 121 (Fla. 3d DCA 2013) (alteration in original) (quoting Loy v. Loy, 904 So. 2d 482, 484 (Fla. 3d DCA 2005)). Here, Ruffa essentially brought two separate breach of contract claims for her unpaid bonuses, albeit under one common cause of action. She ultimately prevailed completely on one of those claims, while Saftpay prevailed completely on the other. The trial court was completely reasonable in determining that neither party should recover fees.

Ruffa's final point of contention is that she was entitled to costs as the prevailing party under section 57.041 of the Florida Statutes (2013). Section 57.041(1) provides in relevant part: "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment . . . ." Unlike the discretionary award of attorney's fees under section 448.08, an award of costs to the prevailing party pursuant to section 57.041 is mandatory in nature. Wilerson v. Johnson, 139 So. 3d 965, 968 (Fla. 1st DCA 2014); Granoff v. Seidle, 915 So. 2d 674, 677 (Fla. 5th DCA 2005). However, this Court has held that "where, as here, a civil action is governed by a specific statute which contains a more particular provision concerning the taxation of costs, the more particular provision controls." Morales v. Rosenberg, 919 So. 2d 476, 480 (Fla. 3d DCA 2005). Unfortunately for Ruffa, section 448.08 is the more specific provision

8

governing this unpaid wages action, and section 448.08 makes an award of attorney's fees **and costs** discretionary: "The court **may** award to the prevailing party in an action for unpaid wages **costs of the action** and a reasonable attorney's fee." § 448.08 (emphasis added). Moreover, Ruffa's motion seeking costs directly cited section 448.08, not section 57.041. For the same reasons we hold that the trial court did not abuse its discretion by denying Ruffa's attorney's fees, we find that the trial court did not abuse its discretion in denying her costs either.

Affirmed.