# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0184
Lower Tribunal No. 13-19473
_____


**Daniel Fils-Aime, et al.,**
Appellants,

vs.

**Yolly Roberson,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Piantini & Associates, P.A., and Albert J. Piantini; Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellants.

Roberson | Sweeting, and Yolly Roberson, for appellee.


Before SCALES, LINDSEY and HENDON, JJ.

LINDSEY, J.

Appellants' counsel, Albert J. Piantini and Andrew M. Kassier, appeal an order denying two motions for sanctions against Yolly Roberson. Because the trial court did not abuse its discretion in denying the motions, we affirm.

## I.    BACKGROUND

This case began as a landlord/tenant dispute. Appellee, Yolly Roberson is the landlord/Plaintiff below.[1] In September 2014, the trial court entered a default judgment of eviction and writ of possession in favor of Roberson. Defendants below, Daniel Fils-Aime and the Haitian Historical Society, Inc., appealed that judgment. This Court affirmed and granted Roberson's motion for fees pursuant to Florida Rule of Appellate Procedure 9.400.[2] In her fee motion, Roberson also requested sanctions against Defendants and their appellate counsel, Albert J. Piantini and Andrew M. Kassier ("Appellate Counsel"), for bringing a frivolous appeal. This Court's order granting fees did not indicate that it was granting Roberson's request for sanctions and did not include any express findings of misconduct. Neither party sought clarification.

Following issuance of the mandate, Roberson filed the following fee motions below:

- January 15, 2015: Roberson sought fees from Defendants and Appellate Counsel.

---

[1] Roberson is an attorney and represents herself.
[2] See Fils Amie v. Roberson, 152 So. 3d 581 (Fla. 3d DCA 2014) (No. 3D14-2051).

2

- May 17, 2015 (first amended motion): Roberson only sought fees against Defendants.
- June 26, 2015 (second amended motion): Roberson again sought fees against Defendants and Appellate Counsel.

On May 19, 2017, Appellate Counsel served Roberson with a notice of their intent to file a motion for sanctions pursuant to section 57.105 because Roberson had wrongfully sought fees from them. Following the 21-day safe harbor period,[3] Appellate Counsel filed two motions for sanctions. The trial court held a hearing and subsequently entered an order denying both motions.[4] This appeal follows.

## II. ANALYSIS

An appellate court reviews an order denying a motion for 57.105 sanctions for an abuse of discretion.[5] Phillips v. Garcia, 147 So. 3d 569, 571 (Fla. 3d DCA

---

[3] See § 57.105(4), Fla. Stat.

[4] At the hearing, Roberson clarified that she had dropped her request for fees against Appellate Counsel.

[5] Section 57.105(1) provides as follows:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or

2014). As this Court explained in Phillips, "[w]e recognize the superior vantage point of the trial judge, and will reverse only if the record reflects that no reasonable trial judge could have denied the subject motions for 57.105 sanctions." Id.

When a trial court is vested with broad discretion, an appellate court can reverse only where the trial court's decision is completely unreasonable. Ruffa v. Saftpay, Inc., 163 So. 3d 711, 714 (Fla. 3d DCA 2015). As this Court stated in Ruffa,

> Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Id. (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980)).

Appellate Counsel argue that they are entitled to sanctions because Roberson's filing of a motion for fees against them was not supported by material facts or existing case law. Roberson argues that she reasonably believed there was a basis for her claim—specifically, this Court's order granting fees in the prior appeal.[6] While it is true that Roberson perhaps should have realized that this Court's

---

(b) Would not be supported by the application of then-existing law to those material facts.

[6] Roberson's actions below appear to be motivated more by misunderstanding than by bad faith.

4

fee order did not grant fees as sanctions because the order was completely silent as to sanctions and made no findings of misconduct, the trial court, nonetheless, did not abuse its discretion when it denied Appellate Counsel's motions for sanctions because its decision was not completely unreasonable. See Phillips, 147 So. 3d at 571 ("The [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." (alteration in original) (quoting Asinmaz v. Semrau, 42 So. 3d 955, 957 (Fla. 4th DCA 2010))).

## III. CONCLUSION

Because the trial court did not abuse its discretion in denying Appellate Counsel's motions for sanctions, we affirm.

AFFIRMED.