# Third District Court of Appeal

## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1258
Lower Tribunal No. 03-1107-K
_____

**Donald J. Barton,**
Appellant,

vs.

**Stewart J. Andrews and Leda N. Andrews,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Sharon I. Hamilton, Judge.

Mitchell J. Cook, P.A., and Mitchell J. Cook; W. Sam Holland, for appellant.

Burlington & Rockenbach, P.A., and Bard D. Rockenbach (West Palm Beach), for appellees.

Before SCALES, LINDSEY, and MILLER, JJ.

PER CURIAM.

This appeal involves a real property boundary dispute that began over eighteen years ago. There have been numerous court proceedings and appeals. The remaining issue involves whether the trial court committed reversible error in refusing to impose sanctions against Appellees Stewart and Leda Andrews (Defendants below).

The trial court had before it a motion for sanctions pursuant to section 57.105, Florida Statutes (2021), filed by Appellant Donald J. Barton (Plaintiff below). In response, the Andrews filed a motion for summary judgment directed at the motion for sanctions. The trial court went on to grant summary judgment in their favor. Barton appeals from that order. We treat the order rendered below as an order denying Barton's motion for sanctions, which we review under the abuse of discretion standard. See, e.g., Fils-Aime v. Roberson, 273 So. 3d 1112, 1114 (Fla. 3d DCA 2019) ("An appellate court reviews an order denying a motion for 57.105 sanctions for an abuse of discretion.").

This was a heavily litigated boundary dispute with experts on both sides. As set forth in the order on appeal, "the evidence in the record shows both sides had competent evidence to support their opposing legal theories regarding the boundary." We agree. Given the record before us, the trial

did not abuse its discretion in denying Barton's motion for sanctions.  We therefore affirm.

Affirmed.