# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1495
Lower Tribunal No. 18-31604
_____

**SC Mota Associates Limited Partnership, et al.,**
Appellants,

vs.

**Mota Pizza Rustica Corp.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Slusher & Rosenblum, P.A., and Jeremy E. Slusher, and Jonathan S. Glickman (West Palm Beach), for appellants.

Ayala Law, P.A., and Eduardo A. Maura, for appellee.


Before EMAS, SCALES, and LINDSEY, JJ.

LINDSEY, J.

Appellants SC Mota Associates Limited Partnership and Sterling Retail Services, Inc., appeal from two orders denying two motions for sanctions. For the reasons set forth below, we affirm one of the orders but reverse the other order and remand for the trial court to consider the merits of the sanctions motion.

## I.     BACKGROUND

This case began as a simple eviction action.  Appellee Mota Pizza Rustica Corp. (the "Tenant") leased commercial space in the Mall of Americas from SC Mota (the "Landlord").  After the Landlord filed an eviction action for failure to pay rent, the Tenant filed a separate putative class action against the Landlord and Sterling Retail Services (the "Property Manager").[1] The Tenant primarily alleged that the Landlord mismanaged the Mall and that the Property Manager was liable under an alter ego theory.

Relevant here are two motions for sanctions pursuant to § 57.105 that the Landlord and Property Manager filed in the Tenant's class action.  First, at the inception of the Tenant's action, the Property Manager moved for sanctions arguing that the Tenant's alter ego claim was not supported by the material facts (the "Alter Ego Sanctions Motion").  Following discovery, the

---

[1] The Landlord's eviction action and the Tenant's class action were consolidated below.

Landlord and Property Manager filed the second motion for sanctions at issue in this appeal, which asserted that evidence uncovered during discovery conclusively showed that the Tenant did not have standing to bring the class action (the "Standing Sanctions Motion").

Before ruling on the sanctions motions, the trial court held a hearing on the Tenant's motion for class certification and subsequently denied class certification.[2] The Tenant appealed. In the interlocutory appeal, the Landlord and Property Manager sought appellate attorney's fees pursuant to the parties' lease agreement and as a sanction pursuant to Florida Rule of Appellate Procedure 9.410. This Court per curiam affirmed the trial court's denial of class certification. Mota Pizza Rustica Corp. v. Sterling Retail Servs., Inc., 317 So. 3d 106 (Fla. 3d DCA 2021). This Court also conditionally granted the Landlord and Property Manager's motion for appellate attorney's fees pursuant to the parties' lease agreement, and denied, without elaboration, the Landlord and Property Manager's motion for appellate attorney's fees as a sanction.

On remand, the Tenant voluntarily dismissed the class action. The pending sanctions motions were referred to a magistrate. Despite this

---

[2] The court did not address the merits of the sanctions motions in its class certification order.

3

Court's unelaborated denial of sanctions, counsel for the Tenant told the magistrate that this Court "specifically addressed each one of the same arguments counsel is making here."

The magistrate issued a detailed, eight-page report and recommendation on the Alter Ego Sanctions Motion. In its report and recommendation, the magistrate concluded that the alter ego count "was not so completely devoid of merit on the facts and law . . . ."

The magistrate issued a separate report and recommendation denying the Standing Sanctions Motion, which relied on this Court's unelaborated denial of sanctions in the interlocutory class action certification appeal:

> While the . . . Motion presents a close case in favor of §57.105 sanctions, the Tenant voluntarily dismissed the action . . . one day following the Third District's Order. The [magistrate] finds that the appellate court's . . . Order that ruled on the same record and the same arguments is dispositive of this issue and, therefore, denies the . . . Motion.

In support of this conclusion, the magistrate cited case law invoking the law of the case doctrine. See Fla. Diversified Films, Inc. v. Simon Roofing & Sheet Metal Corp., 118 So. 3d 240, 242 (Fla. 3d DCA 2013) ("This doctrine 'requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of

4

the proceedings.'" (quoting <u>Fla. Dept. of Transp. v. Juliano</u>, 801 So. 2d 101, 105 (Fla. 2001))).

The Landlord and Property Manager filed exceptions to the reports and recommendations. The trial court overruled the exceptions and ratified the magistrate's denial of sanctions. The Landlord and Property Manager timely appealed.[3]

## II.    ANALYSIS

We review orders ratifying a magistrate's report and recommendation under the highly deferential abuse of discretion standard.[4] <u>See</u> <u>Vargas v. Deutsche Bank Nat. Tr. Co.</u>, 104 So. 3d 1156, 1165 (Fla. 3d DCA 2012). "When a trial court is vested with broad discretion, an appellate court can reverse only where the trial court's decision is completely unreasonable." <u>Fils-Aime v. Roberson</u>, 273 So. 3d 1112, 1114 (Fla. 3d DCA 2019).

Based on the record before us and the magistrate's detailed report and recommendation on the Alter Ego Sanctions Motion, we conclude that the

---

[3] The two orders ratifying the magistrate's reports and recommendations were rendered after a final judgment was entered below. We therefore have jurisdiction. <u>See</u> <u>Yampol v. Turnberry Isle S. Condo. Ass'n, Inc.</u>, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("A post-judgment order <em>denying</em> a party's claim for entitlement to attorney's fees . . . is an appealable final order.").

[4] This is the same standard we employ to review orders denying attorney's fees as sanctions pursuant to § 57.105. <u>See</u> <u>Fils-Aime v. Roberson</u>, 273 So. 3d 1112, 1114 (Fla. 3d DCA 2019).

5

trial court did not abuse its discretion in ratifying the magistrate's denial of that motion. We therefore affirm the order ratifying the report and recommendation on the Alter Ego Sanctions Motion without further discussion.

With respect to the denial of the Standing Sanctions Motion, the Landlord and Property Manager argue that the magistrate erred in relying on the law of the case doctrine when she denied sanctions based on this Court's unelaborated denial of sanctions in the interlocutory appeal of the class certification order. "Whether the law of the case doctrine applies is a question of law, and therefore our standard of review is de novo." Pompano Masonry Corp. v. Anastasi, 125 So. 3d 210, 212 (Fla. 4th DCA 2013).

The Florida Supreme Court has explained the scope of the law of the case doctrine as follows: "the doctrine is 'limited to rulings on questions of law *actually presented and considered* on a former appeal.'" Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 106 (Fla. 2001) (quoting U.S. Concrete Pipe Co. v. Bould, 437 So. 2d 1061, 1063 (Fla. 1983)). "A corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that 'have not necessarily been determined and become law of the case.'" Id. (quoting Greene v. Massey, 384 So. 2d 24, 27 (Fla. 1980)); see also Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 20:12 (2023 ed.)

("The preclusive effect of the law of the case doctrine applies only to points that were decided in a previous appellate proceeding." (footnotes omitted)).

Here, this Court's unelaborated denial of sanctions in an interlocutory appeal did not decide one way or the other the merits of the Standing Sanctions Motion pending before the trial court.[5]  Despite the Tenant's representations below to the contrary, this Court did not specifically address any of the arguments raised by the Landlord or the Property Manager in the per curiam affirmance or in the unelaborated order denying sanctions. Consequently, the law of the case doctrine is inapplicable.  We therefore reverse the order denying the Standing Sanctions Motion and remand for the trial court to rule on the merits of the Motion.

Affirmed in part; reversed in part and remanded.

---

[5] This Court's "grant or denial of attorney's fees as a sanction under rule 9.410 is a discretionary decision." Fla. Wellness & Rehab. Ctr., Inc. v. Mark J. Feldman, P.A., 276 So. 3d 884, 891 (Fla. 3d DCA 2019).  As such, this Court could have exercised its discretion to deny the sanctions motion without deciding whether the interlocutory appeal was frivolous.